4-5340                                    120 S. W. 2d 325.

Opinion delivered October 17, 1938.

*J. H. Carmichael, Jr.,* for petitioners.

Mehaffy, J. F. C. Purviance and others filed in the Union chancery court a petition for restraining order against Gray Albright, superintendent of the Arkansas state police, and other officers to restrain them and all other law enforcing officers within the state of Arkansas, from arresting, threatening to arrest, intimidating, or otherwise interfering with the plaintiffs or other citizens of the state of Arkansas, from operating their automobiles upon the highways or streets of the state of Arkansas in a lawful manner, together with their deputies, agents, servants, assistants and employees, and that said police department, acting through its commissioners, servants and employees, be ordered and directed to cancel the permit issued to the El Dorado testing station, and also the permit issued to other cities.

In the petition for injunction it is alleged that in act No. 300 for the year 1937 provision is made for the establishment of an official testing station, and that the defendants are attempting to enforce certain sections of act 300

to the detriment and expense of plaintiffs and other citizens; that the provisions of said act are unconstitutional and of no effect for the reason that the title to said act is not sufficient to place on notice persons reading said title; that §§ 133 to 138, inclusive, are not germane to the title of said act, and that the same is entirely foreign matter to the purpose of said act, and that these provisions are void and unconstitutional. It is further alleged in the petition that the defendants are seeking or trying to enforce the provisions of §§ 133-138, inclusive, throughout the state; that the testing station at El Dorado is owned and being operated by an ex-convict who was convicted of a felony in the federal court at El Dorado and sentenced to the penitentiary, and is, therefore, not a citizen of the state of Arkansas to whom a permit could be issued; that unless the defendants are enjoined they will cause great injury to the plaintiffs in that they are threatening to arrest, place in jail, cause to be brought forth into court, and fined under said act; that the defendants claim to be acting in an official capacity upon orders from their superiors, and that plaintiffs have no adequate remedy at law.

The court issued a temporary restraining order and the petitioners filed their petition for a writ from this court alleging that the chancery court of Union county had no jurisdiction for the reason that the complaint seeks to enjoin the enforcement of a criminal statute, and seeks to enjoin the criminal prosecution of persons who have not complied with the provisions of law with respect to the inspection of automobiles operated upon the highways.

The office of the writ of prohibition is to restrain an inferior tribunal from proceeding in a matter not within its jurisdiction; it is never granted unless the inferior tribunal has clearly exceeded its authority and the party applying for it has no other protection against the wrong that shall be done by such usurpation. We have many times held that when the court has jurisdiction over the subject-matter and the question of its jurisdiction of the person turns upon some fact to be determined by the court, its decision that it has jurisdiction is an error, and

prohibition is not the remedy. But in the instant case, the court has no jurisdiction over the subject-matter, and the question of the existence or non-existence of jurisdiction does not depend on contested facts which the inferior court is competent to inquire into and determine. *Sparkman Hardwood Lbr. Co.* v. *Bush,* 189 Ark. 391, 72 S. W. 2d 527.

"Chancery courts will not interfere by way of injunction to prevent anticipated criminal prosecutions. The city, through her citizens, has the right to enforce the ordinance, if valid. A court of chancery will not entertain a contest over the question as to the validity of the ordinance and restrain prosecutions pending the determination of that question, as the whole matter can be settled in a court of law, where only the violation of the ordinance, if valid, can be punished." *Rider* v. *Leatherman,* 85 Ark. 230, 107 S. W. 996.

The suit in the chancery court was for the purpose of restraining prosecutions under a criminal statute. There are no contested facts which the lower court might examine and determine as to its jurisdiction, but the court had no jurisdiction of the subject-matter.

This court quoted with approval the statement in In re Sawyer, 124 U. S. 200, 8 S. Ct. 482, 31 L. Ed. 402, as follows: "The office and jurisdiction of a court of equity, unless enlarged by express statute, are limited to the protection of rights of property. It has no jurisdiction over the prosecution, punishment or pardon of crimes and misdemeanors, or over the appointment or removal of public officers. To assume such jurisdiction or to sustain a bill in equity to restrain or relieve against proceedings for the punishment of offenses, or for the removal of public officials, is to invade the domain of the courts of common law, or of the executive and administrative departments of the government." *Ferguson* v. *Martineau, Chancellor,* 115 Ark. 317, 171 S. W. 472, Ann. Cas. 1916E, 421.

In the Martineau case, *supra,* one was convicted of murder and the conviction affirmed by this court. After the judgment of the circuit court the person convicted made application for a writ of *coram nobis* to inquire into his sanity and he was found to be sane. Application

was then made to the chancery court of Pulaski county for an injunction against the commissioners of the Arkansas penitentiary restraining them from executing the prisoner, and the chancery court granted the petition and issued an order enjoining the commissioners from executing him on November 14th or any other date until further orders of the court. This court said: "This court in *State* v. *Vaughan*, 81 Ark. 117, 98 S. W. 685, 7 L. R. A., N. S. 899, 118 Am. St. Rep. 29, 11 Ann. Cas. 277, quoting from the Illinois Supreme Court, said: 'It is elementary law that the subject-matter of the jurisdiction of the court of chancery is civil property. . . . The court has no jurisdiction in matters merely criminal or merely immoral, which do not affect any right of property. It is no part of the mission of equity to administer the criminal law of the state. A court of equity has no jurisdiction over matters merely criminal or merely immoral.' " *Ferguson* v. *Martineau, supra.*

The purpose of the petition in the chancery court was to restrain the arrest and prosecution of petitioners and others under certain sections of act 300.

On the alleged ground that the act is unconstitutional this question could be determined in the law court where a petitioner's remedy would be complete and adequate.

The chancery court had no jurisdiction, and the writ of prohibition is, therefore, granted.