ESSKAY ART GALLERIES v. GIBBS.

4-7117                                            172 S. W. 2d 924

Opinion delivered July 5, 1943.

1158

*Jay M. Bourland* and *Leo P. McLaughlin,* for appellant.

*Martin, Wootton & Martin,* for appellee.

Knox, J. Appellants' complaint was dismissed for want of equity, after a demurrer thereto had been sustained, and they had refused to plead further. Omitting the formal parts and two paragraphs which allege only appellants' corporate existence such complaint reads as follows:

"That the defendant, G. A. Gibbs, operates a watch repairing business and in addition thereto holds himself out to the public as an expert diamond appraiser, and for a period of more than one year next before the filing of this suit, the said G. A. Gibbs has been recommended as a diamond appraiser and has been associated with certain retail jewelers and diamond dealers in the city of Hot Springs, Arkansas, and has operated a system of appraising diamonds which have been sold by the plaintiffs whereby the said appraisal has been made at prices greatly below the actual cost and market value of the said diamonds resulting in unfair competition and interfering with the plaintiffs' business and causing the plaintiffs irreparable injury for which they have no adequate remedy at law.

"That the unfair competition complained of by the plaintiffs is carried on as follows: A customer purchases a diamond at the plaintiffs' places of business, then goes down Central Avenue to one of the retail stores asking that the diamond be appraised and the retail stores send the customer to G. A. Gibbs who makes the appraisal at excessively low values for the purpose of causing great damage to the plaintiffs' business.

"That on the 5th day of January, 1942, a customer of the plaintiff, Esskay Art Galleries, Inc., purchased a ring from it for the sum of $420 and it was suggested to her by some party that she have the ring appraised and she took it to one of the leading retail jewelers who referred her to the said defendant, G. A. Gibbs, who set a retail value on it of $275.

"That on the 6th day of January, 1942, one of the plaintiffs' customers purchased a diamond ring from it for the sum of $196 which amount was a fair market retail value for the said ring and the next day this customer went to one of the retail jewelry stores in the city of Hot Springs, who, before looking at the diamond, stated to the customer that he thought she had been 'stung,' and that he did not appraise diamonds, but referred her to the defendant, G. A. Gibbs, who appraised it at $100, and that said customer then became dissatisfied with the transaction and asked for the return of her money which was refunded and resulted in the plaintiff, Esskay Art Galleries, Inc., losing $35 on the said transaction.

"That a few days later, on January 10, 1942, this particular customer above referred to had a diamond ring which she had purchased from a jeweler in Memphis, Tennessee, for the sum of $750 and which a short time before had been appraised by a competent appraiser at $1,000 and which was appraised by the defendant, G. A. Gibbs, at $200.

"That on the 6th day of January, 1942, another customer of the plaintiff, Lauray's Inc., purchased a diamond ring from it for the sum of $291 and was informed that she should get it appraised and went to one of the leading retail jewelers in Hot Springs who referred her to G. A. Gibbs who appraised it at $150 which was greatly below its actual value and this resulted in a dissatisfied customer who received her money from the plaintiff who suffered a loss of $35 on the transaction.

"That the plaintiffs had never had any dissatisfied customers when their diamonds had been appraised by

established and experienced diamond experts and that all of their damage and loss has resulted from appraisals made by the said defendant, G. A. Gibbs, in the city of Hot Springs.

"That the improper and wrongful appraisal of the diamonds made by the defendant has resulted in a great many of the plaintiffs' customers cancelling their contracts of purchase and causing the customers to believe the plaintiffs are dishonest and causing the plaintiffs great losses in their business and profits, and in their reputations and standing in the community for which they have no adequate remedy at law.

"That the said G. A. Gibbs is insolvent and the plaintiffs have no adequate remedy at law for this damage and interference with their business and that this court has jurisdiction of this action; that the plaintiffs have a right to carry on their business, which is a lawful business, without the obstruction by the defendant and his associates, and this right is a property right which this court should protect, and that the only means of protection or relief is to enjoin the said defendant, G. A. Gibbs, from appraising diamonds.

"That on the transactions herein set forth which are only recent ones, the plaintiffs have been damaged in the sum of $155 in actual loss of property and should have judgment for that amount.

"Wherefore, the plaintiffs pray that the said defendant, be enjoined and restrained from appraising diamonds in the city of Hot Springs by reason of the negligent and malicious and reckless appraisals which he has been making upon diamonds and that plaintiffs have judgment against him in the sum of $155 and for their cost and all other proper relief."

In the case of *Local Union No. 313* v. *Stathakis,* 135 Ark. 86, 205 S. W. 450, it was stated: "The cases all agree that the right to carry on a lawful business without obstruction is a property right, and one which the courts have never hesitated to protect, and its protection is a proper object for the granting of an injunction."

That such is the general rule is shown at 28 Am. Jur. 316 where it is also said: "Not every act, of course, which injures another's business will give rise to a cause of action for injunction, irrespective of the availability of legal relief; yet, in a proper case, the remedy will be granted to protect such property right against irreparable injury resulting from the tortious or wrongful acts of others. . . . The court should, however, exercise such power cautiously and refuse to grant injunctive relief until it appears that some right is about to be destroyed or irreparably injured, or that great and lasting injury is about to be done by an illegal act."

In their statement of the case counsel for appellants say: ". . . the appellee is either incompetent as a diamond appraiser or that he maliciously appraises diamonds below their real value for the purpose of injuring the appellants' business"; and they add: "The purpose of this appeal is to ascertain whether or not a person who is insolvent can, through incompetency or malice, interfere with another man's business thereby causing dissatisfaction and the breach of contract of sale, and the party injured have no remedy."

A careful reading of the complaint fails to disclose a specific allegation that appellee is incompetent, and we also fail to find an allegation that appellee's actions are the result of malice. Likewise, there is nothing in the complaint from which incompetency or malice could be inferred, unless we assume (which we do not) that the fact that appellee's appraisal was less than the current market value of these stones justifies such inference. Certain allegations in the complaint negative the suggestion that appellee is incompetent, in fact it may be fairly inferred therefrom that his reputation as a competent appraiser of diamonds is such that he enjoys the confidence of the leading jewelers in Hot Springs, to such an extent that they recommend him to their own customers and to those who inquire of them as to where a competent and reliable appraiser may be found.

The complaint alleges that the conduct of appellee amounts to or results in unfair competition. It is, of

course, well settled that in proper cases equity may issue writs of injunction to prevent unfair competition. At 26 R. C. L. 875 it is stated: "Unfair competition ordinarily consists in the simulation by one person for the purpose of deceiving the public, of the name, symbols, or devices employed by a business rival, or the substitution of the goods or wares of one person for those of another, thus falsely inducing the purchase of his wares and thereby obtaining for himself the benefits properly belonging to his competitor."

There is no allegation in the complaint that appellants and appellee are competitors; on the contrary the complaint discloses that they are not. It is not contended that appellee by his conduct is seeking to entice away appellants' customers so that they will purchase goods from him. The complaint wholly fails to state a case of unfair competition.

Although the complaint alleges that appellee "has been associated with certain retail jewelers and diamond dealers in the city of Hot Springs, Arkansas," it fails to disclose that such association constituted an illegal conspiracy which had for its purpose the destruction of or injury to appellants' businesses. The allegation, therefore, fails to bring this case within the rule recognized in *Evenson* v. *Spaulding,* 150 Fed. 517, 9 L. R. A., N. S., 904.

There are, however, more impelling reasons why the action of the chancellor in sustaining the demurrer should be affirmed.

The prayer of the complaint is that appellee "be enjoined and restrained from appraising diamonds in the city of Hot Springs." We have heretofore pointed out that courts of equity have never hesitated to protect the property right of a person to carry on a lawful business. *Local Union No. 313* v. *Stathakis, supra.* It is to be remembered, however, that the appraisal of diamonds is itself a lawful business which is also entitled to the protection of a court of equity. Yet appellants seek an order of the court which would prevent appellee from carrying on his business in the city of Hot Springs.

In the case of *Balesh* v. *Hot Springs,* 173 Ark. 661, 293 S. W. 14, the court held that it was not within the power of the Legislature to authorize cities to forbid a man from carrying on a lawful business, and that such a statute and an ordinance adopted under the authority thereof violated art. II, § 2 of the Constitution of Arkansas, the same being § 2 of the Bill of Rights.

Since appellee has a constitutional right to carry on the business of appraising diamonds in Hot Springs, a court of equity can no more deprive him of that right by means of injunctive process than could the General Assembly by means of legislative enactment.

Counsel for appellants state in their brief that the actions of appellee constitute "a slander to appellants' business." The rule with respect to injunctive relief against statements which are injurious to business or trade is found at 28 Am. Jur. 119, which reads in part as follows: "It is settled by the decisions that where no breach of trust or of contract appears, equity will not enjoin libelous or slanderous statements injurious to plaintiff's business, trade, or profession, or which operate as a slander of his title to property, but the complainant will be left to his remedy at law, if he has any. The insolvency of the libelant in such cases is not regarded as sufficient of itself to authorize such interference."

It is nowhere alleged that either a contractual or trust relationship existed between appellants and appellee.

The rule announced in American Jurisprudence, *supra,* is in accord with the weight of authority as shown by a note on the subject found at Ann. Cas. 1916D, 1088. Some of the decisions appear to be founded upon constitutional provisions guaranteeing the right of free speech, while others are based upon the ground that there is an inherent lack of equitable jurisdiction in such cases. Whether the rule should rest upon one, or the other, or both of these reasons is a matter of no great importance here. We are of the opinion that the rule

1164

is supported by both reason and authority and is properly applicable to the facts alleged in the complaint.

For the reasons stated we are of the opinion that the decree should be affirmed, and it is so ordered.