DEADERICK, MAYOR, *v.* PARKER.

4-8127                                    200 S. W. 2d 787

Opinion delivered March 31, 1947.

*E. J. Butler*, for appellant.

*Olman H. Hargraves* and *Buzbee, Harrison & Wright*, for appellee.

McHANEY, Justice. Appellant Deaderick is the mayor and the other individual appellants are officials and aldermen of the city of Forrest City, Arkansas, and appellant, Duncan Meter Company, is a foreign corporation, organized under the laws of Illinois and engaged in the installation of parking meters for said city under contract with the other appellants.

Appellee is a resident, citizen, legal voter and taxpayer of said city and brought this action on behalf of himself and all others similarly situated, to enjoin the further installation of parking meters in said city and to compel the removal of those already installed. The complaint alleged the invalidity of Ordinance No. 589, adopted by the city council on April 16, 1946, the ordinance which authorized the installation of parking meters, because, as passed by the city council, it is in direct violation of the statutes of Arkansas, Act No. 309 of the Acts of 1939, p. 757, and that their installation is an encroachment on public property and constitutes a public nuisance.

Appellants appeared specially and objected to the jurisdiction of the court, and, without waiving that question, filed general denials. The court granted a temporary injunction on July 24, 1946, restraining the operation of the meters and from paying out any money for their purchase or for labor and materials in their installation.

The case was submitted to the court on the pleadings and stipulation as to the facts. It is agreed that, prior to the adoption of said Ordinance 589, no petition of voters of the city was filed invoking the initiative upon said ordinance and no referendum petition was filed in 90 days after its adoption, nor did the ordinance by its terms call for a vote of the people on the question. Most of the

meters to be installed were in fact installed before this suit was filed, but their operation was never begun because of the temporary restraining order. On September 26, 1946, the court made its temporary order permanent, and directed appellants to remove the meters and standards to which they are attached from the streets in 120 days from that date. The decree was based on two grounds: (1) that said Ordinance 589 is in contravention of said Act 309 of 1939, and (2) the emergency clause on the ordinance was not properly adopted. This appeal followed.

Act No. 309 of 1939 is entitled *"An Act* to prohibit Cities of the First and Second Class and Incorporated Towns from installing devices commonly known as parking meters." Section 1 is as follows: "Hereafter cities of the first and second class and incorporated towns are prohibited from installing devices, commonly known as parking meters or other devices, designed to require automobile owners to pay for the privilege of parking on the streets of said cities or towns. Provided, however, that any city of the first or second class or incorporated town desiring to install such devices may do so after adopting a local measure, authorizing such installation, in accordance with the provisions of the Initiated and Referendum Amendment to the Constitution of 1874. And provided further that this act shall not apply to any city where parking meters were installed prior to January 1, 1939."

For a reversal of the decree it is first contended that the court was without jurisdiction because there was an adequate remedy at law. This contention is based on the fact that Ordinance No. 589 sets out penalties for its violation and that the only way provided therein for its enforcement is by arrest and criminal prosecution. It is a familiar rule in this state that courts of equity will not interfere by injunctions to prevent anticipated criminal prosecution. *Rider* v. *Leatherman,* 85 Ark. 230, 107 S. W. 996; *Gordon* v. *Smith,* 196 Ark. 926, 120 S. W. 2d 325. The object of this suit was not merely to enjoin the enforcement of the criminal provisions of the ordinance, but went further and sought to enjoin its enforcement as

an illegal exaction, such as is set out in Art. XVI, § 13, of the Constitution. One of the early cases arising under that provision of the Constitution of 1874 is *Taylor, Cleveland & Co.* v. *City of Pine Bluff,* 34 Ark. 603. Judge Eakin there said: "Equity is chary of all interference with criminal or penal prosecutions for violations of state or municipal law. . . . Art. XVI, § 13, of the Constitution provides: 'Any citizen of any county, city or town may institute suit, in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exaction whatever.' For this purpose, a bill in chancery is most appropriate.

"This widens the range of equity jurisdiction, and will sustain this bill, to the extent of giving the court power to inquire into the validity of the exactions, and if found void, so to declare it, and restrain the city authorities from its collection. After such a decree, its collection by any process whatever would be a contempt. But when ordinances are simply to prohibit and punish acts, they stand upon a different footing." See, also, *Rose* v. *Brickhouse,* 182 Ark. 1105, 34 S. W. 2d 472, where a number of our previous cases on the subject are cited. We conclude that the chancery court correctly held that it had jurisdiction of the subject-matter.

It is next argued that Act 309 of 1939 above quoted, is unconstitutional and void because violative of amendment No. 14, the local Act Amendment, and § 18 of Article II, which prohibits the General Assembly from granting to any citizen "privileges or immunities which upon the same terms shall not equally belong to all citizens." Since appellants made no attempt to comply with said Act 309, by submitting the question to a vote of the people, as required, we take it as conceded that said ordinance is void, if the Act is valid.

We think said Act is a valid exercise of legislative power, and that it does not offend against either provision of the Constitution, as contended by appellants. The Act, by its express terms, is prospective in its operation, and not retroactive. It begins with the word "Hereafter" certain municipalities are prohibited, etc., and it

therefore does not apply to any municipality which had already installed parking meters, and the second proviso therein might just as well have been left out of the Act. The proviso, therefore, did not have the effect of rendering the Act local and in violation of Amendment 14. We think the cases cited by appellants, such as *Webb* v. *Adams,* 180 Ark. 713, 23 S. W. 2d 617, are not controlling here.

No cases are cited to support the contention that Art. II, § 18, of the Constitution is violated. This provision refers to "citizen or class of citizens." A corporation is not a citizen. *State* v. *So. Sand & Material Co.,* 113 Ark. 149, 167 S. W. 854. A levee district is not a citizen. *St. L., I. M. & S. Ry. Co.* v. *Board Dir. Levee Dist. No. 2,* 103 Ark. 127, 145 S. W. 892. We conclude that a city is not a citizen within the meaning of said provision. Municipalities have no power except those granted expressly or by necessary implication by the legislature. *Bain* v. *Traction Co.,* 116 Ark. 125, 172 S. W. 843, L. R. A. 1915D, 1021; *Willis* v. *Ft. Smith,* 121 Ark. 606, 182 S. W. 275; *Argenta* v. *Keith,* 130 Ark. 334, 197 S. W. 686, L. R. A. 1918B, 888. Here the legislature has expressly prohibited all municipalities from installing parking meters without first "adopting a local measure authorizing such installation, in accordance with the provisions of the Initiated (Initiative) and Referendum Amendment to the Constitution of 1874." The ordinance in question and the contract of the city with the Duncan Meter Company based thereon are, therefore, void, and the court correctly directed the removal of the equipment from the streets and enjoined the operation of the meters.

The decree is, accordingly, affirmed.