CITY OF HARRISON *v.* DOWELL.

4-9745                                        246 S. W. 2d 721

Opinion delivered March 10, 1952.

*W. J. Cotton,* for appellant.

*Lewis Dowell, pro se.*

HOLT, J. On April 11, 1949, the City Council of Harrison, Ark., passed and approved the following ordinance: "ORDINANCE NO. 404: AN ORDINANCE SUBMITTING TO THE VOTERS OF THE CITY OF HARRISON, ARKANSAS, THE QUESTION WHETHER IT WILL PURCHASE AND PLACE PARKING METERS UPON THE PUBLIC SQUARE AND OTHER STREETS. BE IT ORDAINED AND ENACTED BY THE CITY COUNCIL OF THE CITY OF HARRISON, ARKANSAS: Section 1. It is hereby declared that at a special election, on the fourth Tuesday of May, 1949, of the City of Harrison, it shall be determined whether the City of Harrison, shall purchase parking meters and place the same in regular parking zones, deemed advisable; upon the City square and upon such other streets as deemed advisable, imposing the time restrictions and penalties for the violation of same; that said parking meters shall operate upon the basis of one cent for every twelve minutes of parking time, or such

other rate or rates as may be determined by the City Council from time to time; that any person parking in the zones regulated by parking meters shall pay at the aforementioned rate for all time the automobile, truck or vehicle is parked in said zones; that all parking time, and payment of the aforementioned rate, shall be governed by the parking meter registering the same; that all funds deposited in said parking meters shall be collected by the Chief of Police and deposited with the City Treasurer, after a true and full account has been made to him; that any person parking in any of the said designated zones wherein the parking meter reflects that no time is permitted by the parking meter by reason of the expiration of the deposit placed therein, or the failure to so place a deposit, shall be deemed guilty of a misdemeanor and shall be fined not less than $1.00 nor more than $10.00.

"Section II. Said election shall be conducted and the votes thereat canvassed and the result thereof declared under the law and in the same manner now provided for municipal elections, and notice of said election shall be given by the Mayor by advertisement weekly for at least four times in some newspaper published in the City of Harrison, and having a *bona fide* circulation therein; the last publication to be not less than ten (10) days prior to the date of said election; the ballot for the said election shall be marked 'For the purchase of parking meters by the City of Harrison, Arkansas, and placing the same upon the City square and other streets, and the doing of other things incidental and necessary for the enforcement of parking regulations thereunder.' 'Against the purchase of parking meters by the City of Harrison, Arkansas, and placing of same upon the City square and other streets, and the doing of other things incidental and necessary for the enforcement of parking regulations thereunder.'

"That at said election only qualified voters for the City of Harrison, Arkansas, will have the right to vote, the results of said election shall be proclaimed by the Mayor by publication in some newspaper published in the said City of Harrison, and his proclamation shall ad-

vise the citizens and said property owners of said City that the results, as proclaimed, will be conclusive, unless attacked in the courts within thirty (30) days after the date of such proclamation.

"Section III. It is ascertained and hereby declared that the City of Harrison has inadequate parking facilities for the citizens therein and surrounding communities, and it is imperative for the safety of the public that the City of Harrison promptly create suitable facilities for parking arrangements. It is therefore declared that an emergency exists; that this ordinance is necessary for the immediate preservation of public peace, health and safety, and that this ordinance shall be in full force and effect immediately from and after its passage.

"Approved this eleventh day of April, 1949. Guy Raulston, Mayor. Attest: Don Richesin, Recorder."

A special election was duly called for May 24, 1949 (in accordance with said ordinance) for the purpose of submitting the ordinance and the question of installation of parking meters to a vote of the people. The election was regularly held and the ordinance approved by a vote of 501 for, and 102 against.

By proclamation of the Mayor, June 14, 1949, the ordinance became effective thirty days thereafter.

On August 25, 1951, appellee, Dowell, parked his automobile in a parking zone within the city where a meter was installed and refused to place a coin in said meter in payment for the use of the parking space as provided in said ordinance. He was arrested by City police and charged (in the mayor's court) with the offense of parking his car "at a parking meter and willfully and knowingly refused to place a coin (penny or nickel) in said meter as provided by City Ordinance No. 404, etc." He was found guilty and a fine of $10 and costs imposed. On appeal to the Boone Circuit Court, Dowell demurred to the charge alleging, in effect, the invalidity of the ordinance. The Circuit Court treated the demurrer as a motion to quash, heard evidence, and declared appellee not guilty of the charge against him

for the reason that the ordinance in question had not been legally enacted and therefore not effective. The judgment contained these recitals: ''There is no dispute in the testimony that Ordinance No. 404 was adopted by the City Council. All of the material facts in the case are reflected by the records introduced and there is nothing else in the oral testimony which has any material bearing upon the issues.

''STATEMENT OF OPINION—Act No. 309 of 1939 (§ 19-3504, Ark. Dig.) provides that cities and towns are prohibited from installing devices commonly known as parking meters on the streets of said cities or towns except that they may do so after adopting a local measure authorizing such installation in accordance with the provisions of the Initiated and Referendum Amendment to the Constitution of 1874. Then the Court must look to the provisions of the Initiated and Referendum Amendment to determine whether the procedure of the City Council in installing parking meters in the City of Harrison is legal. The Initiated and Referendum Amendment provides that 'municipalities may provide for the exercise of the initiative and referendum as to their local legislation.' Of course, such local provisions would have to conform to the general provisions of the amendment. However, there is no record of the City of Harrison having passed an Initiated and Referendum Ordinance. Therefore, the general provisions of the Initiated and Referendum Amendment apply. This amendment provides that the voters of the city may cause a measure adopted by the City Council to be referred to the people for voting thereon by a petition signed by at least 15% of the legal voters in the City. However, it is the opinion of the Court that measures adopted by the City Council may be referred to the people for a vote by the action of the council itself, without a petition from the people. However, the amendment contemplates that an act or measure providing for the installation and operation of parking meters will be adopted by the City Council and then by proper action of the council that act or measure shall be referred to the people at a special election to be called for that purpose. The question at such elec-

tion being for or against the adoption of the act or measure passed by the City Council.

"The record does not indicate that the City Council of Harrison ever passed an ordinance providing for the installation and operation of parking meters on the streets of the City of Harrison and submitted such ordinance to the people for their action. The City Council simply passed an ordinance calling an election to vote upon the abstract question of whether or not the electors were in favor of installing parking meters. Ordinance No. 404 is not an ordinance providing for the installation and operation of parking meters within the City of Harrison, but is simply an ordinance calling an election to vote upon the question and setting out in detail the provisions and conditions purposes to be enacted, provided the voters approve. Therefore, the defendant could not be charged with violating Ordinance No. 404 and the information charging him with violation of said ordinance should be dismissed, etc."

It thus appears that the trial court held the ordinance here in question invalid for the reason that it did not appear "that the City Council of Harrison ever passed an ordinance providing for the installation and operation of parking meters on the streets of the City of Harrison and submitted such ordinance to the people for their action," in accordance with Act 309 of 1939 above, now § 19-3504, Ark. Stats. 1947, which provides: "Cities of the first and second class and incorporated towns are prohibited from installing devices commonly known as parking meters or other devices designed to require automobile owners to pay for the privilege of parking on the streets of said cities or towns. Provided, however, that any city of the first or second class or incorporated town desiring to install such devices may do so after adopting a local measure authorizing such installation in accordance with the provisions of the Initiated and Referendum Amendment to the Constitution of 1874."

We hold that the court erred in so holding. It appears that the ordinance here is fairly comprehensive.

Its terms are unambiguous and its purpose and intent appear to be plain and clear. It specifically, among other things, *calls for a special election to submit the parking meter issue to a vote of the people and a vote was duly had.* All procedural steps appear to have been followed except that (as indicated) on which the trial court based its judgment. We think, where, as here, but one ordinance was adopted, first by the council, and later by the people on a referendum specifically called for in the ordinance, that the ordinance was legally adopted and therefore valid, and that there was substantial compliance with Act 309.

In the case of *Deaderick, Mayor, v. Parker,* 211 Ark. 394, 200 S. W. 2d 787, where we held a parking meter ordinance invalid as being in violation of § 19-3504 above, we pointed out, however, that. on the agreed facts, *the ordinance there in question did not by its terms call for a vote of the people on the question,* we there said: "It is agreed that, prior to the adoption of said Ordinance 589, no petition of voters of the city was filed invoking the initiative upon said ordinance and no referendum petition was filed in 90 days after its adoption, *nor did the ordinance by its terms call for a vote of the people on the question.*"

The implication seems clear,—and such is our interpretation,—that had the ordinance provided for a vote of the people (and was valid in other respects) we would have declared it legally adopted, and valid.

Accordingly, the judgment is reversed and the cause remanded with directions to overrule appellee's demurrer.