The Honorable Tim Wooldridge State Representative 100 College Drive Paragould, AR 72450
Dear Representative Wooldridge:
This is in response to your request for an opinion on the following questions:
1. Is the operation of bingo legal in the State of Arkansas?
 2. Please offer your official opinion as to what constitutes charitable bingo.
 3. If bingo is illegal in the State of Arkansas, should permits be issued for an illegal activity?
The answer to your first question is, in my opinion, "no" under the Arkansas gambling statutes (A.C.A. §§ 5-66-101 through -119 (Repl. 1993)), if "money and risk" are involved. State v. Torres, 309 Ark. 422,426, 831 S.W.2d 905 (1992). The court in Torres stated:
 The appellees, who operated bingo establishments where money and risk were plainly involved, had fair warning that their actions were prohibited.
Id.
This statement followed the court's review of the gambling statutes. The Arkansas Supreme Court has subsequently stated that "there is no question but that playing bingo for money constitutes gambling which is a criminal offense under our statutes. . . ." Billy/Dot, Inc. v. Fields,322 Ark. 272, 277, 908 S.W.2d 335 (1995).
I have also previously opined that as long as consideration is paid for a chance to win a prize (i.e., the elements of a "lottery" are present), the bingo game is unlawful under Article 19, Section 14 of the Arkansas Constitution. See Op. Att'y Gen. 94-250, citing Op. Att'y Gen. 93-305. In this regard, the Chancery Court of Pulaski County has held that the game did not cease to be a lottery simply because some participants did not pay to play and others made "donations." State v. Razorback Room, Inc.,
No. 91-7596 (Pulaski County Chancery, 6th Div.). The Arkansas Supreme Court has not, to date, ruled on the issue of whether bingo falls within the constitutional prohibition against lotteries. The question is, however, currently before the court in the case of Masterson v. State,
No. 96-1064 (Ark.S.Ct.).
With regard to your second question as to what constitutes "charitable bingo," I cannot offer an opinion because this is not a distinct statutory or constitutional term. I thus cannot speculate as to its meaning, in the absence of some governing legislation or constitutional provision.[1] It should perhaps be noted, however, that there is no exemption from the constitutional prohibition against lotteries for charitable organizations. See State v. Bass, 224 Ark. 976, 277 S.W.2d 479
(1955). I have thus previously opined that the only way to ensure legality of so-called "nonprofit bingo" is by the passage of a constitutional amendment. Ops. Att'y Gen. 93-305 and 93-005.[2]
Your third question raises a policy issue that does fall within the ordinary scope of an Attorney General opinion. I can express no opinion as to the desirability of such a practice, but rather must defer to the General Assembly for its determination of the matter via the legislative process.[3]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] In the context of the "bingo tax" (A.C.A. §§ 26-52-1501 to -1507 (Supp. 1995)), provision is made for the exemption of qualified "charitable or nonprofit organizations," which are defined as:
 . . . any nonprofit tax-exempt religious, educational, veterans', fraternal, service, civic, medical, volunteer rescue service, or volunteer fire fighters' organization which has been in continuing existence in this state for a period of not less than five (5) years immediately prior to making application for registration, and which does not offer bingo on more than two (2) days during a consecutive seven-day period. An organization is tax-exempt if it has received from the Internal Revenue Service a determination letter that is currently in effect stating that the organization is exempt from federal income taxation under § 501(a), and if it is described in § 501(c)(3), (10), (19) or § 528 of the Internal Revenue Code.
A.C.A. § 26-52-1501(7).
[2] Senate Joint Resolution 5 in the current regular legislative session (81st General Assembly) proposes a constitutional amendment, pursuant to Ark. Const. art. 19, § 22, to remove certain games of bingo and raffles from the lottery prohibition.
[3] The Arkansas Supreme Court has held that the act which provides for taxation of bingo revenues (§§ 26-52-1501 to -1507) does not legalize bingo. Billy/Dot, Inc., supra, 322 Ark. at 277.