The Honorable Randy Minton State Representative 880 Minton Road Ward, AR 72176-8616
Dear Representative Minton:
You have requested an Attorney General opinion concerning Act 1231 of 1999.
You have asked:
 Can the bingo game that is held annually at Cabotfest be qualified as legal amusement under Act 1231 of 1999 if all gifts are kept at $12.50 or less?
It is my opinion, as explained more fully below, that Act 1231 does not govern games such as bingo that are not played through the use of coin-operated devices or machines.
Act 1231 of 1999 amended the provisions of A.C.A. §§ 26-57-402 and -404, which are part of the set of statutes popularly known as the "Chuck E. Cheese law." This set of statutes was originally enacted in 1939 for the purpose of creating certain exceptions to the criminal statutes prohibiting gambling, and to provide for the regulation of those exceptions. The law in question primarily provides that "amusement devices" (as defined therein) do not fall within the criminal gambling statutes. That is, "amusement devices," as defined in the "Chuck E. Cheese law," do not violate the criminal gambling statutes. The term "amusement device" is defined in A.C.A. § 26-57-402 (as amended by Act 1231 of 1999) as follows:
 `Amusement devices' means any machine, device, or apparatus which provides amusement, diversion, or entertainment which is coin-operated
and includes, but is not limited to, such games as radio rifles, miniature football, golf, baseball, hockey, bumper pool, tennis, shooting galleries, pool tables, bowling, shuffleboard, pinball tables, marble tables, music vending phonographs, jukeboxes, cranes, video games, claw machines, bowling machines, countertop machines, novelty arcade machines, other similar musical devices for entertainment, and other miniature games, whether or not such machines show a score, and which is not otherwise excluded in this subchapter[.]
A.C.A. § 26-57-402(1) (as amended by Acts 1999, No. 1231, § 1) (emphasis added).
The above-quoted definition appears to limit "amusement devices" to coin-operated devices or machines. Therefore, if the bingo game to which your question refers is a traditional bingo game and is not played through the use of a coin-operated device, I must conclude that it is not governed by Act 1231 of 1999 and the so-called "Chuck E. Cheese" law.
The Arkansas Supreme Court has specifically recognized that playing bingo for money constitutes the criminal offense of gambling, see Billy/Dot,Inc. v. Fields, 322 Ark. 272, 908 S.W.2d 335 (1995); A.C.A. § 5-66-101 etseq. Act 1231 does not affect that conclusion.
Moreover, although the Arkansas Supreme Court has never decided the issue, it is possible that the game of bingo would be held by a court to violate the constitutional prohibition against lotteries in Arkansas.See Ark. Const., art. 19, § 14.
Under the Arkansas Supreme Court's long-standing interpretation of this constitutional prohibition against lotteries, a game or scheme constitutes a "lottery" if the following three elements are present:
(1) Consideration is paid to play or participate;
(2) Playing or participating creates the chance to win a prize; and
 (3) The game is controlled entirely by chance, and winning is not influenced by the player's skill or judgment.
See Scott v. Dunaway, 228 Ark. 943, 311 S.W.2d 305 (1958); Shuffield v.Raney, 226 Ark. 3, 287 S.W.2d 588 (1956); Burks v. Harris, 91 Ark. 205,120 S.W. 979 (1909).
The question of whether any particular game possesses the above-listed elements of a "lottery" is entirely a question of fact that can only be decided by a trier of fact, such as a judge or jury. The Attorney General is not authorized to render factual determinations.
For this reason, I cannot opine definitively as to whether a particular game of bingo violates the constitutional prohibition against lotteries. Such a determination can only be made on a case-by-case basis, by a person or body who is authorized to determine factual matters. Nevertheless, I point out that such a conclusion by a court is a possibility. Indeed, the Attorney General has stated on numerous occasions that if the three elements listed above are present, the game of bingo would constitute a lottery. See Ops. Att'y Gen. Nos. 97-023; 93-437; 93-305; 91-162.
I also reiterate that bingo does not fall within Act 1231 of 1999 and the Chuck E. Cheese law's exemptions to the criminal statutes prohibiting gambling.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh