Betty DICKEY, Jefferson County Prosecuting
Attorney *v.* SIGNAL PEAK ENTERPRISES, *et al.*

99-57                                                            9 S.W.3d 517

Supreme Court of Arkansas
Opinion delivered February 3, 2000
[Petition for rehearing denied March 9, 2000.]

*Mark Pryor*, Att'y Gen., by: *Lori L. Freno*, Ass't Att'y Gen., for
appellant.

*Louis L. Loyd*, for appellees.

ANNABELLE CLINTON IMBER, Justice. In this appeal, the
Jefferson County Prosecuting Attorney challenges the
jurisdiction of the Jefferson County Chancery Court to enjoin a
potential criminal prosecution. The appellees own and operate
amusement machine vending businesses in various locations within
the City of Pine Bluff, Arkansas. The following notice was sent by

the Jefferson County Prosecuting Attorney to appellees on September 23, 1998:

> Dear Bingo and/or Arcade Operator: Take this as notice that any operation that constitutes gambling as described in the Arkansas Constitution, Article 19, [s]ection 14, and more specifically defined in Arkansas Code Annotated 5-66-101, et [seq] *must cease immediately*. Effective October 5[,] 1998, any such operations will be subject to the full extent of prosecutory enforcement.

On October 5, 1998, appellees John and Kathy Erwin, Signal Peak Enterprises, and B & B Enterprises filed a petition and application for temporary restraining order, injunctive relief, and declaratory judgment in the Chancery Court of Jefferson County, Arkansas, against the City of Pine Bluff, Betty Dickey, in her official capacity as the Jefferson County Prosecuting Attorney, and W.C. Brassell, in his official capacity as the Sheriff of Jefferson County ("the Respondents").[1] The appellees alleged in the petition that the action threatened by the Prosecuting Attorney in the above-quoted notice, if taken against them, would be in contravention of the law, and that the amusement machines used in their respective businesses were legal. [2] Furthermore, appellees argued that they would suffer immediate and irreparable harm to their vested property rights, including their businesses, their business relations, and their good will, if the respondents were not immediately restrained from taking prosecutorial action against them, and that they had no adequate remedy at law. Appellees also asked the court to declare that:

> A. [Appellees'] amusement machines are not "gambling devices" as defined [in] Ark. Code Ann. Sections 5-66-101 et seq. or by the Arkansas Constitution Article 19, Section 14, but, in fact, are specifically authorized by Ark. Code Ann. Sections 26-57-401 et seq.

---

[1] Steve Dalrymple has succeeded Ms. Dickey as Jefferson County Prosecuting Attorney.

[2] The petition included the following description of the amusement machines:

[Appellees'] amusement machines are the type that display a video amusement game on a 3X3 matrix or other matrix, similar to a tic-tac-toe board. During the play of this amusement machine, various symbols appear on the board. These machines were developed with several important features such as "skill stop" and a mandatory "freeze point" which allows a player to use skill to affect the outcome of the game. Further, the machines only give coupons to winning players which may be redeemed for merchandise.

B. [Appellees] have followed the guidelines of Ark. Code Ann. 26-57-401 et seq., in that the [appellees] have not allowed any player of machine to exceed the Single Play Maximum Limits.

C. That the internal policies of the [respondents] used to interpret and enforce Ark. Code Ann. Sections 5-66-101 et seq., are arbitrary, discriminatory and selective, and have caused the [appellees] to suffer, and continue to suffer, irreparable injury to vested property rights with no adequate remedy at law.

D. That amusement machines do not constitute "lotteries" as defined in Arkansas Constitution Article 19, Section 14 and are thus not prohibited by the Arkansas Constitution.

The Jefferson County Chancery Court held a hearing on October 6, 1998, to consider appellee's petition for injunctive and declaratory relief. At that hearing, the Prosecuting Attorney argued that the chancery court did not have jurisdiction to hear the case. The chancery court granted the injunctive relief requested by appellees and entered a temporary restraining order on October 15, 1998. The chancery court subsequently granted motions to intervene by appellees Charles D. Nixon, Charles and Elizabeth Babcock, Sammy Gray, and Robert J. Susen, who also own and operate amusement machine vending businesses in the City of Pine Bluff, Arkansas. On October 23, 1998, the Prosecuting Attorney filed answers to the petitions filed by appellees, and pled affirmatively that the chancery court lacked subject matter jurisdiction. Pursuant to a request by the chancellor, all parties filed briefs with the chancery court on the issue of its jurisdiction to hear the case. The chancery court concluded that it had jurisdiction to grant an injunction against the prosecuting attorney's office, and that its earlier temporary restraining order should be converted into a preliminary injunction. The preliminary injunction order was filed on December 15, 1998. The Prosecuting Attorney now brings an interlocutory appeal to this court and argues that the trial court lacked subject matter jurisdiction because courts of equity may not enjoin anticipated criminal prosecutions and because appellees have an adequate remedy at law. We reverse and dismiss.

■ The appellant first argues that the chancery court lacked subject matter jurisdiction because courts of equity do not have jurisdiction to enjoin potential criminal prosecutions. As we stated in *Deaderick v. Parker*, 211 Ark. 394, 396, 200 S.W.2d 787, 788

(1947), "[i]t is a familiar rule in this state that courts of equity will not interfere by injunctions to prevent anticipated criminal prosecution." We reaffirmed that general rule recently in *Billy/Dot, Inc. v. Fields*, 322 Ark. 272, 908 S.W.2d 335 (1995). In that case, the operator of a bingo establishment asked the chancery court to enjoin the Prosecuting Attorney from closing its bingo operation and from imposing penalties. *Id.* The chancery court concluded that it had no authority to issue such an injunction and dismissed the complaint. *Id.* We affirmed and restated the general principle: "[o]ur cases are legion that chancery courts will not interfere to enjoin anticipated criminal prosecutions." 322 Ark. at 275, 908 S.W.2d at 337. We also acknowledged in *Billy/Dot, Inc. v. Fields* that there is a narrow exception to the rule that chancery court will refrain from interfering with prosecutorial functions, but "that exception is limited to the chancery court's protection of property rights in the form of lawful businesses." 322 Ark. at 275, 908 S.W.2d at 337. The exception, however, did not apply in *Billy/Dot, Inc. v. Fields* because the operation of a bingo establishment was not a lawful business. *Id.*

The chancery court found in this case that the appellees established on a *prima facie* basis that certain amusement machines complied with the licensing and taxation provisions for coin-operated amusement devices in Ark. Code Ann. §§ 26-57-401 et seq. (Repl. 1997 and Supp. 1999). Based on that finding, the chancery court concluded that this case fell within the limited exception to the general rule noted in *Billy/Dot, Inc. v. Fields*. We disagree. The notice provided by the Prosecuting Attorney stated that any operation that constitutes gambling under Article 19, section 14, of the Arkansas Constitution and the Arkansas Criminal Code would be subject to prosecution. Thus, the notice by the Prosecuting Attorney limited the threat of prosecution to illegal gambling operations, which is clearly a prosecutorial function. In contrast, when a city council proceeded summarily to close a hotel, we held that the hotel's owner was entitled to a hearing in a court of competent jurisdiction before her property right to carry on a lawful business could be taken from her. *Texarkana v. Brachfield*, 207 Ark. 774, 183 S.W.2d 304 (1944). Similarly, we held that a court of equity could not deprive a diamond appraiser of his right to carry on his lawful business of conducting diamond appraisals by means of an injunction. *Esskay Art Galleries v. Gibbs*, 205 Ark. 1157, 172 S.W.2d 924

(1943). Here, the notice by the Prosecuting Attorney was aimed exclusively at illegal gambling operations, not lawful business operations.

Under these circumstances, we hold that the general rule prohibiting chancery courts from interfering with prosecutorial functions applies in this case. Accordingly, the chancery court had no jurisdiction to enjoin the Prosecuting Attorney from prosecuting any operation that "constitutes gambling as described in the Arkansas Constitution, Article 19, [s]ection 14, and more specifically defined in Arkansas Code Annotated 5-66-101, et [seq]...." In light of this holding, we need not address appellant's corollary argument that the chancery court lacked subject matter jurisdiction because appellees have an adequate remedy at law.

Reversed and dismissed.