The Honorable Boyd Hickinbotham State Representative P.O. Box 326 Salem, AR 72576-0326
Dear Representative Hickinbotham:
You have requested my opinion concerning bingo. Your question is:
Can a fire improvement district play bingo for money?
RESPONSE
As an initial matter, I note that you have not specifically described the scenario under which the fire improvement district is playing bingo for money. I take it that you are referring to a scenario under which the fire improvement district hosts games of bingo in which the participants compete to win a pool of money. It is my opinion that such games violate the state's criminal statutory prohibitions of gambling, and may, depending upon the facts, also violate the constitutional prohibition of lotteries.
The Criminal Statutory Prohibitions Of Gambling
The particular statute that is implicated by the playing of bingo for money is A.C.A. § 5-66-104, which states:
 Every person who shall set up, keep, or exhibit any gaming table or gambling device, commonly called A.B.C., E.O., roulette, rouge et noir, or any faro bank, or any other gaming table or gambling device, or bank of the like or similar kind, or of any other description although not herein named, be the name or denomination what it may, adapted, devised, or designed for the purpose of playing any game of chance, or at which any money or property may be won or lost, shall be deemed guilty of a misdemeanor and on conviction shall be fined in any sum not less than one hundred dollars ($100) and may be imprisoned any length of time not less than thirty (30) days nor more than one (1) year.
A.C.A. § 5-66-104. Also implicated are the provisions of A.C.A. §5-66-105 (prohibiting financial interests in gaming devices) and A.C.A. § 5-66-106 (prohibiting betting on the games prohibited by A.C.A. §5-66-104). The Arkansas Supreme Court has specifically recognized that playing bingo for money constitutes the criminal offense of gambling. SeeBilly/Dot, Inc. v. Fields, 322 Ark. 272, 908 S.W.2d 335 (1995). In this regard, the court stated in Billy/Dot, supra: "[T]here is no question but that playing bingo for money constitutes gambling which is a criminal offense under our statutes." Id. at 277. Accord, Masterson v. State,329 Ark. 443, 949 S.W.2d 63 (1997).
On the basis of these statutes and case precedents, I must conclude that a fire improvement district's hosting of bingo games in which the participants play for money violates the state's criminal statutory prohibitions of gambling.
The Constitutional Prohibition of Lotteries
In addition, these games may, depending on the facts of the situation, violate the constitutional prohibition of lotteries. Article 19, § 14 of the Arkansas Constitution states:
§ 14. Lotteries prohibited.
 No lottery shall be authorized by this State, nor shall the sale of lottery tickets be allowed.
Ark. Const., Art. 19, § 14.
Under the Arkansas Supreme Court's long-standing interpretation of this constitutional prohibition against lotteries, a game or scheme constitutes a "lottery" if the following three elements are present:
(1) Consideration is paid to play or participate;
(2) Playing or participating creates the chance to win a prize; and
 (3) The game is controlled entirely by chance, and winning is not influenced by the player's skill or judgment.
See Scott v. Dunaway, 228 Ark. 943, 311 S.W.2d 305 (1958); Shuffield v.Raney, 226 Ark. 3, 287 S.W.2d 588 (1956); Burks v. Harris, 91 Ark. 205,120 S.W. 979 (1909).
The question of whether any particular game possesses the above-listed elements of a "lottery" is entirely a question of fact. This office has consistently taken the position that the game of bingo is controlled entirely by chance. See, e.g., Ops. Att'y Gen. Nos. 99-318; 93-437. This office has also taken the position that the required consideration can be indirect. See Op. Att'y Gen. No. 93-364. If the fire improvement district's scenario is one in which the participants pay consideration to play bingo, and in which playing creates the chance to win a prize or money, I would conclude that these games violate the constitutional prohibition of lotteries.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General