SCOTT *v.* DUNAWAY.

5-1501

311 S. W. 2d 305

Opinion delivered March 24, 1958.

*W. H. Dillahunty* and *Edwin E. Dunaway*, for appellant.

*Goldstein & Smith* and *Barrett, Wheatley, Smith & Deacon*, for appellee.

GEORGE ROSE SMITH, J. The question here is whether pari-mutuel betting upon greyhound races violates the constitutional prohibition against lotteries. Ark. Const., Art. 19, § 14. This suit for a declaratory judgment and injunctive relief was brought by the appellants, citizens of Crittenden county. The original defendants were the State Racing Commission and the Commissioner of Revenues; Southland Racing Corporation was later brought into the case, after it had received a permit to conduct greyhound racing in Crittenden county. See *Ark. State Racing Com'n* v. *Southland Racing Corp.*, 226 Ark. 995, 295 S. W. 2d 617. The chancellor, hearing the case upon a stipulation of fact, upheld the statutes that permit this type of pari-mutuel betting. Ark. Stats. 1947, Title 84, Ch. 28.

The constitution does not invalidate every statute that makes gambling legal; it forbids only the legalization of lotteries and the sale of lottery tickets. Pari-mutuel wagering is obviously a form of gambling, but this is fatal to the statutes only if this type of betting constitutes a lottery. Although a lottery may be conducted in many different ways, in its typical form it involves the sale of a relatively large number of chances and the selection of a relatively small number of winners by some system of drawing in which chance alone controls the result.

It was decided in *Longstreth* v. *Cook*, 215 Ark. 72, 220 S. W. 2d 433, that it is essential to a lottery that the winners be determined by chance alone. That case is so similar to this one that we need look no further to reach a conclusion. There the question was whether pari-mutuel betting upon horse races constitutes a lottery. We described in detail the pari-mutuel system, under which all the money wagered is initially divided into several pools, such as the win pool, place pool, show pool, daily double pool, etc., and, after the deduction of

a percentage for the track and the State, is distributed after the race to the successful bettors in proportion to their contributions to the various pools. The same system is involved in the case at bar.

In the *Longstreth* case the decisive issue was whether the selection of a winning bet upon a horse race is wholly dependent upon the element of chance. The proof showed that the outcome of a horse race is affected not only by luck but also by such factors as the physical condition and qualities of the competing horses, the ability of the trainers who take care of the animals, and the skill of the jockeys. There is available to the betting public a printed racing form that provides information about some of the factors we have mentioned and that contains a record of each horse's performance in prior races. This information was shown to enable the bettors to bet ''with more discrimination and with improved chances of selecting or picking a winner.'' Upon these facts we concluded that the bettor's choice is not governed solely by luck and that pari-mutuel betting upon horse races is therefore not a lottery.

In the present case the stipulation of fact follows in several instances the exact language of the *Longstreth* opinion. The two cases are identical in all material respects but one: greyhounds race without the guidance of jockeys. The appellants insist that this single fact distinguishes the two cases and makes this type of pari-mutuel betting a lottery.

This argument is out of harmony with the reasoning followed in the *Longstreth* case. The comparative skill of the rival jockeys is only one of several known considerations that enable a person to exercise at least some judgment in betting upon a horse race. The other matters mentioned in the earlier case, such as the physical qualities of the animals, their past records, and the ability of their trainers, are shown by the stipulation to affect the result in dog racing as well as in horse racing. Indeed, the present stipulation indicates that the betting public attains a better measure of success

in selecting the winners of greyhound races than could be mathematically expected on the basis of pure luck.

We do not suggest that pari-mutuel betting upon a greyhound race is a venture whose success is governed entirely by the player's judgment and skill. That is not the question, for every form of gambling involves to some extent the element of chance. The narrow issue is whether this type of betting is completely controlled by chance, in which case alone it would amount to a lottery and be forbidden by the constitution. On the facts before us it is clear that this form of legalized gambling affords an opportunity for the exercise of judgment and therefore cannot be classified as a lottery, where chance alone must rule.

Affirmed.