The Honorable Max Howell State Senator 211 Spring Street Little Rock, AR 72201
Dear Senator Howell:
This is in response to your request for an opinion on the following question:
 Would it be a violation of any gambling statute if a business invites contestants to participate in a crossword puzzle-solving game?
You set forth the following statement of facts in this regard:
 The game would be established in a specific location where players would pay to play the crossword puzzles provided. Each player would work the same crossword puzzle, and the person or persons completing the puzzle first would win cash or other prize for his or her accomplishment. Different crossword puzzles would be used in each match so that the participating contestants would not know which puzzle would be utilized in any given match.
It must be initially noted that because a crossword puzzle would not ordinarily be controlled by chance, we assume that this crossword puzzle-solving game does not implicate the prohibition under Arkansas Constitution Article 19, Section 14 against a "lottery." See generally Longstreth v. Cook, 215 Ark. 72,220 S.W.2d 433 (1949) (holding that because the element of chance is not the dominating element controlling horse races, there is no lottery.) Your question instead requires consideration of Chapter 66 of Title 5 of the Arkansas Code of 1987 (A.C.A. §5-66-101 to -119), which sets forth relevant statutes on gambling. This chapter prohibits, among other things, the keeping of "gambling houses" and the keeping or exhibiting of "gambling devices" as follows:
 Every person who shall keep, conduct, or operate, or who shall be interested, directly or indirectly, in keeping, conducting, or operating any gambling house or place, where gambling is carried on . . . shall be deemed guilty of a felony. . . .
A.C.A. § 5-66-103(a).
 Every person who shall set up, keep, or exhibit any gaming table or gambling device, commonly called A.B.C., E.O., roulette, rouge et noir, or any faro bank, or any other gaming table or gambling device, or bank of the like or similar kind, or of any other description although not herein named, be the name or denomination what it may, adapted, devised, or designed for the purpose of playing any game of chance, or at which any money or property may be won or lost, shall be deemed guilty of a misdemeanor and on conviction shall be fined in any sum not less than one hundred dollars ($100) and may be imprisoned any length of time not less than thirty (30) days nor more than one (1) year.
A.C.A. § 5-66-104.
Reference must also be made to §§ 5-66-105 and -106, which state:
 If any person shall in any way, either directly or indirectly, be interested or concerned in any gaming prohibited by § 5-66-104, either by furnishing money or other articles for the purpose of carrying on gaming, or being interested in the loss or gain of such prohibited gaming, he shall be deemed guilty of a misdemeanor and on conviction shall be fined as in § 5-66-104.
 If any person shall be guilty of betting any money or other valuable thing or any representative of any thing that is esteemed of value, on any of the games prohibited by § 5-66-104, on conviction he shall be fined in any sum not exceeding one hundred dollars ($100) nor less than fifty dollars ($50.00).
The terms "gambling" and "gaming" are not defined under the Code. "Gaming" has been defined by the Arkansas Supreme Court as "the risking of money, between two or more persons, on a contest or chance of any kind, where one must be the loser and the other gainer." Porter v. State, 27 Ark. 360, 362 (1872). The court inMace v. State, 58 Ark. 79 (1893) stated that "the terms gaming, betting and gambling may, in most instances, be used interchangeably." Id. at 80. A "gambling device" was defined inPortis as "an invention to determine the question as to who wins and who loses, that risk their money on a contest or chance of any kind." 27 Ark. at 362. The court in Portis went on to state that "[t]he denunciations, however, of the statutes are against banks and devices constructed for and used for gambling purposes, and not against such as are constructed and used for purposes of amusement, as chess, and backgammon, etc." Id. This construction of the statutes was later modified in State v.Sanders, 86 Ark. 353 (1908), where the court stated that the fact that an instrumentality is not intended solely for gambling purposes is not dispositive. Id at 356. See also Johnsonv. State, 101 Ark. 159, 163 (1911) ("The instrumentality or structure which is furnished, by which the game is played, is not material. Any instrumentality by means of which the chance or skill, or both combined, are developed may constitute a gambling device"). Albright v. Muncrief, 206 Ark. 319, 176 S.W.2d 426
(1943) (teletype machines, although not gambling devices perse, became gambling devices when used for gambling purposes).
It may thus be concluded that the key inquiry is the use or purpose to which the device is converted or adapted. It is significant to note in this regard that while there appear to be no Arkansas cases directly on point, there is general authority for the proposition that the offer of a purse, prize or premium to the successful player in a game or competitor in a contest does not constitute gambling, provided the offer is not a cover for betting and the reward is payable by the person or association making the offer. See 38 C.J.S. Gaming 81, 152 (1943). It has also been held that the contest does not become a gaming transaction by the mere fact that the contestants are required to pay an entrance fee, where the entrance fee does not specifically make up the purse or prize contested for, or by the fact that the purse offered consists in part of entrance fees and in part of an added sum. Id. But where the stake is contributed by the participants alone, and the winning contestant is to have the fund thus created, this does constitute a bet or wager. Id.
An Arkansas court's adherence to this approach may be anticipated by cases which focus upon the staking of money or betting on the determination of an event as the offensive element under the gaming statutes. See, e.g., Ansley v. State, 36 Ark. 67, 68
(1880) ("Parties may play at a game which is not in itself unlawful, without gaming. . . . If money is staked it is gaming. . . ."); State v. Sanders, 86 Ark. at 355-356 (where loser of a game was to pay the sum or sums which the players would be jointly or severally bound to pay as the cost thereof, it is gambling).
A separate prohibition under the Arkansas gambling statutes must also be noted in this regard. Section 5-66-113 prohibits "betting any money or any valuable thing on any game of hazard or skill. . . ." A.C.A. § 5-66-113(a). See Mace v. State,58 Ark 79 (1893) (the statute is comprehensive enough to include all betting upon games of whatever name, including baseball; the only restriction is that it be a game either of hazard or skill). A violation of this statute may thus occur where one bets on the crossword puzzle-solving game, regardless of whether the game itself constitutes "gaming" or "gambling."
In conclusion, any game involving the element of skill may become a "gambling device" when used for the purpose of betting. See
38 C.J.S. Gaming 62 (1943). If this particular crossword puzzle-solving game is conducted consistent with the typical scheme noted above for contests, it seems that no violation would occur. The ultimate issue, however, of whether the crossword puzzle-solving game in question implicates the Arkansas gambling statutes will require factual determinations within the province of the prosecuting attorney. The foregoing discussion will, however, hopefully offer general guidance in addressing the issue.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb