STATE of Arkansas *v.* Jody TORRES, David Geater, and
Patsy Dunahay

91-316 831 S.W.2d 903

Supreme Court of Arkansas
Opinion delivered May 26, 1992

423

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

*Alan Dishongh* and *Herbert T. Wright, Jr., P.A.*, for appellees.

STEELE HAYS, Justice. In August of 1991 the appellees, Jody Torres, Patsy Dunahay and David Geater were charged in the Faulkner County Circuit Court with the offense of operating a gambling house, as defined in Ark. Code Ann. § 5-66-103(a) (1987). A felony information alleged that appellees Torres and Dunahay unlawfully operated the Lucky Spot Bingo establishment in Conway. Appellee Geater was charged with operating Dabbers Bingo also in Conway.

The appellees filed similar motions to dismiss the charges and the trial court agreed to decide the motions simultaneously. The appellees argued that Ark. Code Ann. § 5-66-103(a), which prohibits keeping or operating a gambling house, or a place where gambling is carried on, is unconstitutionally vague and over-broad. They also challenged Ark. Code Ann. § 5-66-101 (1987), which provides that statutes prohibiting gaming are to be liberally construed, as violative of their constitutional due process guarantees. Following oral argument, the trial court granted appellees' motion to dismiss, finding both statutes

unconstitutional.

■■ This appeal is lodged by the State of Arkansas pursuant to Ark. Sup. Ct. R. 29(1)(c) and Ark. R. Crim. P. 36.10(b-c). Arkansas Sup. Ct. R. 29(1)(c) gives this court appellate jurisdiction of appeals in which the constitutionality of an act of the General Assembly is questioned. Arkansas R. Crim. P. 36.10(b-c) allows the State to appeal following either a misdemeanor or felony prosecution "[i]f the attorney general . . . is satisfied that error has been committed to the prejudice of the state, and that the correct and uniform administration of the criminal law requires review by the Supreme Court. . . ." The State alleges two points of error on appeal.

In its order the trial court found "that Ark. Code Ann. § 5-66-101 (1987), the construction statute and Ark. Code Ann. § 5-66-103 (1987) are vague in that [sic] provides no definition of "gambling" or "gaming house" so that the defendant could not be properly informed as to what conduct would be considered criminal and it is therefore unconstitutional."

Arkansas Code Ann. § 5-66-103(a) (1987) provides:

> Every person who shall keep, conduct, or operate, or who shall be interested, directly or indirectly, in keeping, conducting, or operating any gambling house or place where gambling is carried on, or who shall set up, keep, or exhibit or cause to be set up, kept or exhibited or assist in setting up, keeping, or exhibiting any gambling device or devices, either by furnishing money, or other articles for the purpose of carrying on any gambling house shall be deemed guilty of a felony and on conviction shall be confined in the State Penitentiary for not less than (1) year nor more than three (3) years.

■ Our review of challenges to the constitutionality of statutes begins with the principle that statutes are presumed to be constitutional. *Clinton* v. *Bonds*, 306 Ark. 554, 816 S.W.2d 169 (1991). The burden of proving a statute is unconstitutional is upon the party challenging it. *Id*. If it is possible to construe a statute as constitutional, we must do so. *Id*.

■ The norm by which we determine when a statute is void-for-vagueness is whether it lacks ascertainable standards of

guilt such that persons of average intelligence must necessarily guess at its meaning and differ as to its application. *McGalliard* v. *State*, 306 Ark. 181, 813 S.W.2d 768 (1991). The law must give fair warning in definite language of the prohibited act. *Trice* v. *City of Pine Bluff*, 279 Ark. 125, 649 S.W.2d 179 (1983). In addition to the fair warning, a statute is also void-for-vagueness if it is so broad that it becomes susceptible to arbitrary and discriminatory enforcement. *Id.* Nevertheless, flexibility, rather than meticulous specificity or great exactitude, in a statute is permissible as long as its reach is clearly delineated in words of common understanding. *Davis* v. *Smith*, 266 Ark. 112, 583 S.W.2d 37 (1979). Moreover, impossible standards of specificity are not constitutionally required, even in criminal statutes. *Id.* A statute will meet constitutional muster if the language conveys sufficient warning when measured by common understanding and practice. *Id.* Additionally, it is not necessary that all kinds of conduct falling within the reach of the statute be particularized and the statute will not be struck down as vague only because marginal cases could be put where doubts might arise. *Id.*

 The state argues that the words "gambling" and "gaming" are not unconstitutionally vague because the Arkansas Supreme Court, by case law, has previously defined the terms in *Howell* v. *State*, 184 Ark. 109, 40 S.W.2d 782 (1931); *Rankin* v. *Mills Novelty Co.*, 182 Ark. 561, 32 S.W.2d 161 (1930); and, *Portis* v. *State*, 27 Ark. 360 (1872). This court has said that whenever the definition of general words in a criminal statute, passed pursuant to police power, may be adequately determined through reference to judicial decisions construing the statute, it is not void-for-vagueness. *Carter* v. *State*, 255 Ark. 225, 500 S.W.2d 368 (1973). Uncertainty may also be cured by judicial construction discoverable by search of legal precedent other than decisions construing the statute in question. *See* 3 Sutherland, *Statutory Construction* § 58.02 (1986 & Supp. 1992); J. Jeffries, *Legality, Vagueness, and The Construction of Penal Statutes*, 71 Va. L. Rev. 189, 207-208 (1985).

 In *Portis* v. *State, supra*, gaming was defined as "the risking of money, between two or more persons, on a contest or chance of any kind, where one must be *loser* and the other *gainer*. Some games depend altogether on skill, others upon chance, and others are a mixed nature. Billiards are an example of the first,

lotteries of the second and backgammon of the last." *Id.* at 362 (citing 2 Bouvier's Law Dic., 553) (emphasis in the original). This definition, previously set forth by the court, which comports with the common understanding of the term "gambling," prevents the statutes in question from being void-for-vagueness. The appellees, who operated bingo establishments where money and risk were plainly involved, had fair warning that their actions were prohibited.

■ Additionally, the appellees assert that § 5-66-103(a) is unconstitutionally overbroad, however, the trial court did not rule on that point. The appellees had the burden of obtaining a ruling on that issue and failure to do so precludes them from raising it on appeal. *Hamm* v. *State*, 301 Ark. 154, 782 S.W.2d 577 (1990).

The Faulkner Circuit Court also found that § 5-66-101 impinges on the appellees' due process rights because it directs courts to give a liberal construction to the statutes prohibiting gaming in favor of the prohibitions and against the offender, as opposed to following the rule that penal statutes are to be strictly construed.

■ We decline to address this issue because it was unnecessary to resort to the construction statute after finding no ambiguity in § 5-66-103. ". . . [T]here is no occasion to construe a penal statute strictly or otherwise if the statute is devoid of ambiguity." W. LaFave & A. Scott, Jr., *Substantive Criminal Law* § 2.2(d) at 109 (1986).

Error declared.