The Honorable Mike Beebe State Senator 211 West Arch Avenue Searcy, AR 72143
Dear Senator Beebe:
This is in response to your request for an opinion regarding the legality of a fund raiser sponsored by a civic club. You have set forth the underlying facts as follows:
 They propose to have a hole in one contest in which they would ask golfers to pay a fee for a certain number of shots at a target and then narrow it down and have further participation wherein someone would win one million dollars if they actually got a hole in one.
The question presented is whether this is a lottery under Arkansas law or whether it is otherwise prohibited activity.
Because the contest would presumably not be controlled by chance alone, it is my opinion that this would not constitute a lottery under the Arkansas constitutional prohibition. Ark. Const. art. 19, § 14. See generally Scott v. Dunaway,228 Ark. 943, 311 S.W.2d 305 (1958), citing Longstreth v. Cook,215 Ark. 72, 220 S.W.2d 433 (1949). A "lottery" has been defined as "a species of gaming, which may be defined as a scheme for the distribution of prizes by chance among persons who have paid, or agreed to pay, a valuable consideration for the chance to obtain a prize." Burks v. Harris, 91 Ark. 205, 120 S.W. 979 (1909). It has been stated with regard to the element involving "chance" that in order to constitute a lottery, it is essential that the winners be determined by "chance alone," and that the outcome be "wholly dependent upon the element of chance." Scott v.Dunaway, supra. In Scott, the Arkansas Supreme Court held that greyhound dog racing was not a "lottery" because rather than being entirely controlled by chance, the player uses his skill in evaluating the physical qualities of the animals and their past records. A similar conclusion was reached in Longstreth v.Cook, supra, with regard to horse racing.
It may reasonably be concluded that the outcome of a hole-in-one contest is, similarly, not "completely controlled by chance." Scott, 228 Ark. at 946. Thus, in my opinion, such a contest would not constitute a lottery.
Your question also requires consideration of the Arkansas Code sections on gambling, which are found at A.C.A. § 5-66-101 etseq. Please note that I have enclosed an opinion previously issued by this office which addresses the pertinent Code provisions. Op. Att'y Gen. 91-167. This opinion should offer general guidance in considering the particular contest in question. It was noted in Opinion 91-167 that any game involving the element of skill may become a "gambling device" when used for the purpose of betting. Op. 91-167 at 4, citing 38 C.J.S.Gaming 62 (1943). Particularly significant for purposes of your inquiry, however, is the discussion regarding the offer of a purse or prize to the successful player in a game or to the competitor in a contest. It is noted that this ordinarily does not constitute gambling, as long as the offer is not a cover for betting and the reward is payable by the person or association making the offer. Id., citing 38 C.J.S. Gaming 81, 152 (1943). Nor does the contest become a gaming transaction by the mere fact that the contestants pay an entrance fee. Id.
I assume, from the prize of one million dollars, that the contestants in this instance will not be competing for a stake that they alone have contributed. As long as there is no staking of money or betting on the determination of an event, the gambling statutes will ordinarily not be implicated. While the question is ultimately one of fact, requiring a review of all the surrounding circumstances, it is my opinion, based upon the facts provided, that the hole-in-one contest would not violate the gambling statutes. Nor has my research yielded any other general prohibition against this type of activity.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh