The Honorable Jim Keet State Senator P.O. Box 23603 Little Rock, AR 72221-3603
Dear Senator Keet:
This is in response to your request for an opinion regarding the legality of a contest involving ticket sales as a vehicle for selling real estate. The material attached to your request indicates that the contest would be run by the owner of the property who would set a minimum number of entries that guarantees a certain price for the property. Entrants would be charged a fee and would be asked to write essays or jingles in an attempt to win the real property in question. If the minimum number of entries is not met, the owner either refunds the fees or comes up with an alternative prize.
It is my opinion that this scheme may run afoul of the Arkansas statutes on gambling, found in Chapter 66 of Title 5 of the Arkansas Code of 1987, as amended (A.C.A. §§ 5-66-101 to -119).[1] This chapter prohibits, inter alia, the keeping of "gambling houses" and the keeping or exhibiting of "gambling devices" as follows:
 Every person who shall keep, conduct, or operate, or who shall be interested, directly or indirectly, in keeping, conducting, or operating any gambling house or place, where gambling is carried on, or who shall set up, keep, or exhibit or cause to be set up, kept, or exhibited or assist in setting up, keeping, or exhibiting any gambling device . . . either by furnishing money, or other articles for the purpose of carrying on any gambling house shall be deemed guilty of a felony. . . .
A.C.A. § 5-66-103(a) (1987).
 Every person who shall set up, keep, or exhibit any gaming table or gambling device, commonly called A.B.C., E.O., roulette, rouge et noir, or any faro bank, or any other gaming table or gambling device, or bank of the like or similar kind, or of any other description although not herein named, be the name or denomination what it may, adapted, devised, or designed for the purpose of playing any game of chance, or at which any money or property may be won or lost, shall be deemed guilty of a misdemeanor and on conviction shall be fined in any sum not less than one hundred dollars ($100) and may be imprisoned any length of time not less than thirty (30) days nor more than one (1) year.
A.C.A. § 5-66-104 (1987).
Reference must also be made to §§ 5-66-105 and -106, which state:
 If any person shall in any way, either directly or indirectly, be interested or concerned in any gaming prohibited by § 5-66-104, either by furnishing money or other articles for the purpose of carrying on gaming, or being interested in the loss or gain of such prohibited gaming, he shall be deemed guilty of a misdemeanor and on conviction shall be fined as in § 5-66-104.
A.C.A. § 5-66-105 (1987).
 If any person shall be guilty of betting any money or other valuable thing or any representative of any thing that is esteemed of value, on any of the games prohibited by § 5-66-104, on conviction he shall be fined in any sum not exceeding one hundred dollars ($100) nor less than fifty dollars ($50.00).
A.C.A. § 5-66-106 (1987).
The terms "gambling" and "gaming" are not defined under the Code. "Gaming" has been defined by the Arkansas Supreme Court as "the risking of money, between two or more persons, on a contest or chance of any kind, where one must be the loser and the othergainer. Some games depend altogether on skill, others upon chance, and others are a mixed nature." Portis v. State,27 Ark. 360, 362 (1872). (Emphasis original). Portis was cited recently by the court in its decision upholding the constitutionality of A.C.A. §§ 5-66-101 and 5-66-103, in response to a void-for-vagueness argument. State v. Torres,309 Ark. 422, 831 S.W.2d 903 (1992). The court in Torres concluded that the definition in Portis "comports with the common understanding of the term `gambling,' [and] prevents the statutes in question from being void-for-vagueness." 309 Ark. at 426. The court in Mace v. State, 58 Ark. 79 (1893) stated that "the terms gaming, betting and gambling may, in most instances, be used interchangeably." Id. at 80. A "gambling device" was defined in Portis as "an invention to determine the question as to who wins and who loses, that risk their money on a contest or chance of any kind." 27 Ark. at 362. The court in Portis went on to state that "[t]he denunciations, however, of the statutes are against banks and devices constructed for and used for gambling purposes, and not against such as are constructed and used for purposes of amusement, as chess, and backgammon, etc."Id. This construction of the statutes was later modified inState v. Sanders, 86 Ark. 353 (1908), where the court stated that the fact that an instrumentality is not intended solely for gambling purposes is not dispositive. Id at 356. See alsoJohnson v. State, 101 Ark. 159, 163 (1911) ("The instrumentality or structure which is furnished, by which the game is played, is not material. Any instrumentality by means of which the chance or skill, or both combined, are developed may constitute a gambling device"). Albright v. Muncrief,206 Ark. 319, 176 S.W.2d 426 (1943) (teletype machines, although not gambling devices per se, became gambling devices when used for gambling purposes).
It may thus be concluded that the key inquiry is the use or purpose to which the device is converted or adapted. It is significant to note in this regard that while there appear to be no Arkansas cases directly on point, there is general authority for the proposition that the offer of a purse, prize or premium to the successful player in a game or competitor in a contest does not constitute gambling, provided the offer is not a coverfor betting and the reward is payable by the person orassociation making the offer. See 38 C.J.S. Gaming 81, 152 (1943). It has also been held that the contest does not become a gaming transaction by the mere fact that the contestants are required to pay an entrance fee where the fee does not specifically make up the purse or prize contested for. Id. But where the stake is contributed by the participants alone, and the winning contestant is to have the fund thus created, this does constitute a bet or wager. Id.
An Arkansas court's adherence to this approach may be anticipated by cases which focus upon the staking of money or betting on the determination of an event as the offensive element under the gaming statutes. See, e.g., Ansley v. State, 36 Ark. 67, 68
(1880) ("Parties may play at a game which is not in itself unlawful, without gaming. . . . If money is staked it is gaming. . . ."); State v. Sanders, 86 Ark. at 355-356 (where loser of a game was to pay the sum or sums which the players would be jointly or severally bound to pay as the cost thereof, it is gambling).
In conclusion, any game involving the element of skill may become a "gambling device" when used for the purpose of betting. See
38 C.J.S. Gaming 62 (1943). With regard to your specific question involving a contest for selling real estate, it is my opinion that the gambling statutes are implicated because the stake is, in effect, contributed by the contestants. The fact that the participants are competing for a piece of real estate rather than cash is, in my opinion, immaterial. It cannot be seriously contended, under the facts presented in the material attached to your request, that the "prize," i.e., the property, is offered or contributed by someone other than the players. The one conducting the game receives, via the entrance fees, the minimum amount sought for the property. Thus, even if it is argued that the property's value is discounted for the contest, I do not believe the scheme falls within the exception for a prize or purse offered in a contest by someone other than the contestants.
The ultimate issue of whether any particular contest would violate the gambling statutes presents a question of fact requiring a review of all the surrounding circumstances.[2]
Such an issue is properly within the province of the prosecuting attorney. The foregoing discussion will, however, hopefully offer general guidance in addressing the matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] If, in fact, the contest is not controlled by chance alone, it would not constitute a lottery under the Arkansas constitutional prohibition. Ark. Const. art. 19, § 14. Seegenerally Scott v. Dunaway, 228 Ark. 943, 311 S.W.2d 305
(1958).
[2] Apart from the question involving the statutes on gambling, it should be noted that the manner in which the contest is promoted may implicate separate statutory provisions, including registration requirements. See, e.g., A.C.A. § 4-88-101 etseq., as amended (regulating deceptive trade practices), A.C.A. § 4-95-101 et seq. (Arkansas Mail and Telephone Consumer Product Promotion Fair Practices Act), Act 137 of 1993 (regulating telephone solicitors), and Act 203 of 1993 (regarding use of 900 numbers).