The Honorable John Parkerson The Honorable Travis Miles Co-Chairmen, Casino Gaming Study Subcommittee Joint Interim Committee on Revenue Taxation State Capitol, Room 315 Little Rock, AR 72201
Dear Representative Parkerson and Senator Miles:
This is in response to your request, on behalf of the Casino Gaming Study Subcommittee of the Joint Interim Committee on Revenue and Taxation, for an opinion as to whether the following games or gaming devices are permissible under the Arkansas Constitution:
 Poker Roulette Dice Blackjack Bingo Video Gaming Slot Machines Chuck-a-luck
Your question is posed in light of the Arkansas Constitutional prohibition against lotteries. Article 19, Section 14 of the Arkansas Constitution states that "[n]o lottery shall be authorized by this State, nor shall the sale of lottery tickets be allowed." The Arkansas Supreme Court has stated that this section does not invalidate every statute that makes gambling legal, but forbids only the legalization of lotteries and the sale of lottery tickets. Scott v. Dunaway, 228 Ark. 943,311 S.W.2d 305 (1958). The court has defined a "lottery" as "a species of gaming, which may be defined as a scheme for the distribution of prizes by chnace among persons who have paid, or agreed to pay, a valuable consideration for the chance to obtain a prize." Banks v. Harris, 91 Ark. 205, 120 S.W. 979 (1909).
A lottery is thus a type of gambling, but not all types of gambling are lotteries. "Lotteries" are prohibited by the constitution. Other types of gambling are subject to regulation by the Arkansas General Assembly.
Your question thus requires application of the above judicial definition of a "lottery" to the listed games and gaming devices. I assume for purposes of your question that consideration will be paid to play the games or to operate the devices, and that the players will have an opportunity to win a prize. It is therefore my opinion that the crucial element in each instance is the second element, that is, the element of chance. The Arkansas Supreme Court has stated in this regard that in order to constitute a lottery, it is essential that the winners be determined by "chance alone," and that the outcome be "wholly dependent upon the element of chance," and the type of betting be "completely controlled by chance." Scott v. Dunaway,228 Ark. 943, 311 S.W.2d 305 (1958), citing Longstreth v. Cook,215 Ark. 72, 220 S.W.2d 433 (1949). In the former case, the Arkansas Supreme Court held that greyhound dog racing was not a lottery because rather than being entirely controlled by chance, the player uses his skill in evaluating the physical qualities of the animals and their past records. A similar conclusion was reached in Longstreth with regard to horse racing.
These cases reflect the court's most recent pronouncement regarding what constitutes a lottery, and more specifically, the test to be applied in connection with the element of chance. It thus appears that the issue of whether the games or devices listed above are permissible under our constitution depends upon whether the winners are determined by chance alone. If skill is involved in determining the outcome, decisions of the Arkansas Supreme Court support the proposition that the game is not a lottery. The test was stated in Scott, supra, as follows:
 We do not suggest that pari-mutuel betting upon a greyhound race is a venture whose success is governed entirely by the player's judgment and skill. That is not the question, for every form of gambling involves to some extent the element of chance. The narrow issue is whether this type of betting is completely controlled by chance, in which case alone it would amount to a lottery and be forbidden by the constitution.
With regard to the games and devices in question, it must be noted that the question ultimately requires a factual determination. The particular game or device must be evaluated with reference to the precise method of play. It is my opinion, however, that generally, roulette, dice, bingo, slot machines, and chuck-a-luck all constitute a lottery because the outcome in each instance is controlled by chance as that concept is defined by the Arkansas Supreme Court. On the other hand, I believe that a factual review would in all likelihood indicate that a player's judgment and skill may affect the outcome of most games of poker and blackjack. As noted above, however, the precise method of play would have to be considered in order to make a conclusive determination.
With regard to video gaming, previous research involving video poker games revealed conflicting decisions from other courts that have addressed the issue of whether skill is actually involved.See Op. Att'y Gen. 93-072 at 3. It was clear from these decisions that only a court, sitting as a factfinder, can definitively resolve the issue as to such games. Id.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh