Dennis THORNTON *v.* STATE of Arkansas

CR 94-180                              883 S.W.2d 453

Supreme Court of Arkansas
Opinion delivered September 12, 1994

*William R. Simpson, Jr.*, Public Defender, by: *Kent C. Krause*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Acting Deputy Att'y Gen., for appellee.

DAVID NEWBERN, Justice. It is "unlawful . . . for any person who is intoxicated to operate or be in actual physical control of a motor vehicle." Ark. Code Ann. § 5-65-103(a) (Repl. 1993). "Intoxicated," as defined in Ark. Code Ann. § 5-65-102(1) (Repl. 1993), includes being

influenced or affected by the ingestion of alcohol, a controlled substance, any intoxicant, or any combination thereof, to such a degree that the driver's reactions, motor skills, and judgment are substantially altered and the driver, therefore, constitutes a clear and substantial danger of physical injury or death to himself and other motorists or pedestrians.

Dennis Thornton was found to be in control of a vehicle and, upon being questioned by the arresting officer, stated he was not drunk but had been "sniffing paint." Subsequent blood analysis showed the presence of toluene. He was convicted of driving while intoxicated.

Mr. Thornton does not question the testimony that he appeared to be intoxicated and failed a standard test in that respect at the scene of his arrest. Nor does he challenge the scientific testimony that ingestion of toluene causes disorientation, dizziness, and a slowing of motor skills. Rather, he argues that the term "intoxicant" as used in § 5-65-102(1) is unconstitutionally vague. We hold the statute gave him sufficient notice of the illegality of his conduct and thus affirm the conviction.

In *Long* v. *State*, 284 Ark. 21, 680 S.W.2d 686 (1984), a similar challenge was made to the term "intoxicated" found in the statute now codified as § 5-65-103(a). The term was defined in Ark. Stat. Ann. § 75-2502(a) (Supp. 1983), the same as it is now defined in the successor statute, § 5-65-102(1), except for inclusion in the new law of the term, "any intoxicant." We held the former definition was sufficient because it gave fair warning to a person of ordinary intelligence of conduct which would constitute the offense described. We said, "The Constitution does not require impossible standards of specificity and a statute is sufficiently clear if its language conveys sufficient warning when measured by common understanding and practice. *Jordan* v. *DeGeorge*, 341 U.S. 223 (1951); *Davis* v. *Smith*, 266 Ark. 112, 583 S.W.2d 37 (1979)."

In *State* v. *Torres*, 309 Ark. 422, 831 S.W.2d 903 (1992), we added, referring to the *Davis* case, "it is not necessary that all kinds of conduct falling within the reach of the statute be particularized and the statute will not be struck down as vague only because marginal cases could be put where doubts might arise."

In addition to our conclusion that §§ 5-65-103(a) and 5-65-102(1) give fair notice, standing alone, of the conduct prohibited, we note that the General Assembly has recognized toluene as an intoxicant and made it a crime to ingest it for the purpose of becoming intoxicated. Ark. Code Ann. § 5-60-116 (Repl. 1993). Mr. Thornton points out that the statute concludes, "For the purposes of this section, any condition so induced shall be deemed to be an intoxicated condition." He contends we thus cannot transfer that definition of "intoxicated" to the law governing driving while intoxicated. We agree with that argument and cite § 5-60-116 only to show that the General Assembly has recognized toluene as an intoxicant.

■ Our conclusion is that the addition of the term "any intoxicant" to "alcohol, a controlled substance, or a combination thereof" has not made the definition vague. A person of ordinary intelligence knows that the use of a substance tending to put him or her in the condition described in § 5-65-102(1) constitutes use of an "intoxicant" and that being in control of a motor vehicle shortly thereafter may violate the law.

Affirmed.