The Honorable Tom Kennedy Prosecuting Attorney Fifth Judicial District P.O. Box 3080 Russellville, AR 72801
Dear Mr. Kennedy:
This is in response to Deputy Prosecuting Attorney Bruce R. Wilson's request for an opinion on the operation of certain gaming machines in Johnson County. Specifically, he notes that local law enforcement authorities are presently experiencing a small boom in gaming machines which are similar to "slot machines" in that the player inserts coins, pulls a lever and the wheels on the machine begin to spin. Depending upon the final resting place of the wheels, the player either receives nothing or tickets that are redeemable for merchandise. Some of the machines also have a ticket that is redeemable on its face for cash and reports have been made that some of the entities are redeeming the merchandise tickets for cash as well. The question presented relative to these facts is whether such devices are in violation of the gambling statutes found in A.C.A. § 5-66-101 et seq., or whether they should be considered "coin operated amusements" and, therefore, not subject to the gambling prohibition.
It is my opinion that devices which reward players with tickets redeemable for cash, or with merchandise tickets which are ultimately redeemed for cash, are "gambling devices" under the Arkansas Code (specifically A.C.A. § 5-66-104(Repl. 1993). The keeping of such devices may also be criminally punished under A.C.A. § 26-57-403(2), as amended by Act 740 of 1995.
A new 1995 act (which I have enclosed for your review) has amended the subchapter of the Arkansas Code relating to "coin-operated amusements." Act 740 of 1995 amends A.C.A. §§ 26-57-402 and 26-57-403 to include "cranes, video games, claw machines, bowling machines, console machines, pusher machines, [and] novelty arcade machines" within the definition of "amusement devices" for purposes of that subchapter. The definition also includes "other miniature games . . . which [are] not otherwise excluded in this subchapter. Section 26-57-403(1) excludes "slot machines, roscoes, jackpots, or any machines equipped with any automatic money payoff mechanism." The most pertinent amendment of Act 740 is found at A.C.A. § 26-57-402(2) which now provides as follows:
 `Any money or property' or `other articles,' or `other valuable things,' or `any representative of anything that is esteemed of value,' as used in the anti-gambling statutes, § 55-66-101 et seq., shall not be expanded to include a free amusement feature such as the privilege of playing additional free games if a certain score is made on a pinball table or on any other amusement game described in this section, or to non-cash prizes, toys, novelties or representations of value redeemable for those items which are won by the player of a bona fide amusement game or device which rewards players exclusively with merchandise limited to such non-cash prizes, toys, novelties, or representations of value redeemable for those items, which have a wholesale value of not more than ten (10) times the cost charged to play the game or device once, or five dollars ($5.00), whichever is less; in the event of accumulations of redeemable representations of value by any player, no non-cash prize having a wholesale value of more than fifty dollars ($50.00) may be given or awarded by any amusement machines operator or redeemed by any player.
 The italicized language above was added by Act 740. The act thus authorizes "amusement devices" to reward players with non-cash prizes, toys, and novelties. It also authorizes the award of "representations of value" (tickets) redeemable for non-cash merchandise within the value limits set out above. Section 2 of the Act, however, provides that "[a]ny person owning or possessing an amusement game or device described in § 26-57-402(1) or (2) of this code section, or any person employed by or acting on behalf of any such person, who gives to any other person money for a non-cash prize, toy or novelty received as a reward in playing any such amusement game or device, or free games won on any such machine, shall be guilty of a misdemeanor."
It is my opinion, therefore, that although owners of such devices may redeem tickets for merchandise[1] within the limits set out above, they may not redeem such tickets for cash. This is made criminal by both A.C.A. § 26-57-403(2) and A.C.A. § 5-66-104.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
Enclosure
[1] It should be noted that to the extent Act 740 authorizes players to pay consideration to play a device controlled entirely by chance (as is described in your request) and to receive a prize therefor (even though the prize is not money), it may be constitutionally suspect under Arkansas Constitution art. 19, § 14 which states that "[n]o lottery shall be authorized by this State, nor shall the sale of lottery tickets be allowed." A lottery has been defined as a species of gaming or scheme for the distribution of prizes by chance among persons who have paid or agree to pay a valuable consideration for the chance to obtain a prize.Shuffield v. Raney, 226 Ark. 3, 287 S.W.2d 588 (1956). In order to constitute a lottery, the scheme must be "completely controlled by chance," and not involve skill or judgment. Scott v. Dunaway,228 Ark. 943, 311 S.W.2d 305 (1958). (The legislature can authorize any type of gambling device that involves skill or judgment.) There is no requirement that the prize be in the form of money for the scheme to constitute a lottery. Burks v. Harris, 91 Ark. 205, 120 S.W. 979 (1909). Even the awarding of merchandise from certain amusement devices, therefore, might constitute a prohibited "lottery," the conducting of which might be enjoined under the Arkansas Constitution. Of course, Act 740 is entitled to a presumption of constitutionality and has not, to my knowledge been declared unconstitutional in this respect.