The Honorable Dennis Young State Representative P.O. Box 1835 Texarkana, Arkansas 75504
Dear Representative Young:
This official Attorney General opinion is rendered in response to a question you have raised concerning certain coin-operated games. In particular, you have described coin-operated machines that look like slot machines, but that pay off with coupons that are redeemable for merchandise.
You have asked:
 Are coin-operated games legal if they pay off in coupons that are redeemable for merchandise?
It is my opinion that coin-operated games that pay off in coupons redeemable for merchandise are authorized by statute within certain limits, as set forth in A.C.A. § 26-57-402(2)(A)(ii). However, as discussed more fully below, such games could constitute "lotteries" in violation of the Arkansas Constitution.
The provisions of A.C.A. § 26-57-401 et seq. authorize the operation of certain coin-operated amusement devices. Devices that fall within these provisions do not violate the anti-gambling statutes set forth as a part of the criminal code, at A.C.A. § 5-66-101 et seq. However, it should be noted that A.C.A. § 26-57-403 specifically states that these statutes do not authorize any game equipped with an automatic money pay-off mechanism.[1]
Among the amusement devices that are deemed by A.C.A. § 26-57-401 etseq. not to violate the anti-gambling statutes are games that pay off in:
 noncash prizes, toys, novelties, or representations of value redeemable for those items which are won by the player of a bona fide amusement game or device which rewards players exclusively with merchandise limited to such noncash prizes, toys, novelties, or representations of value redeemable for those items, which have a wholesale value of not more than ten (10) times the cost charged to play the game or device once, or five dollars ($5.00), whichever is less.
A.C.A. § 26-57-402(2)(A)(ii).
Thus, the primary limitation on coin-operated games that pay off other than in cash is that the wholesale value of the prize must not exceed ten times the cost of playing the game once, or $5.00, whichever is less.
The following limitation is also stated:
 In the event of accumulation of redeemable representations of value by any player, no noncash prize having a wholesale value of more than fifty dollars ($50.00) may be given or awarded by any amusement machine operator or redeemed by any player;
A.C.A. § 26-57-402(2)(B).
On the basis of the above-quoted provisions, I conclude that coin-operated games that pay off in coupons redeemable for merchandise are statutorily authorized if operated within the limits stated in A.C.A. § 26-57-402. If the wholesale value of the noncash merchandise for which the coupons are redeemed exceeds ten times the cost of playing the game once, or $5.00 (whichever is less), or if the wholesale value of merchandise awarded in exchange for accumulated coupons exceeds $50.00, the game is in violation of the anti-gambling statutes found at A.C.A. §5-66-101 et seq. See Op. Att'y Gen. No. 95-318.
In particular, games that pay off in merchandise that exceeds the value limitations are in violation of A.C.A. § 5-66-104, which states:
 Every person who shall set up, keep, or exhibit any gaming table or gambling device, commonly called A.B.C., E.O., roulette, rouge et noir, or any faro bank, or any other gaming table or gambling device, or bank of the like or similar kind, or of any other description although not herein named, be the name or denomination what it may, adapted, devised, or designed for the purpose of playing any game of chance, or at which any money or property may be won or lost, shall be deemed guilty of a misdemeanor and on conviction, shall be fined in any sum not less than one hundred dollars ($100) and may be imprisoned any length of time not less than thirty (30) days nor more than one (1) year.
A.C.A. § 5-66-104 (emphasis added).
It should be noted that to the extent that A.C.A. § 26-57-401 et seq.
authorize players to pay consideration to play a device controlled entirely by chance and to receive a prize (even though the prize is not money), these statutes may be constitutionally suspect under Arkansas Constitution art. 19, § 14, which states that "[n]o lottery shall be authorized by this State, nor shall the sale of lottery tickets be allowed." A lottery has been defined as a species of gaming or scheme for the distribution of prizes by chance among persons who have paid or agree to pay a valuable consideration for the chance to obtain a prize.Shuffield v. Raney, 226 Ark. 3, 287 S.W.2d 588 (1956). In order to constitute a lottery, the scheme must be "completely controlled by chance," and not involve skill or judgment. Scott v. Dunaway,228 Ark. 943, 311 S.W.2d 305 (1958). (The legislature can authorize any type of gambling device that involves skill or judgment.) There is no requirement that the prize be in the form of money for the scheme to constitute a lottery. Burks v. Harris, 91 Ark. 205,120 S.W. 979 (1909). Even the awarding of merchandise from certain amusement devices, therefore, might constitute a prohibited "lottery," the conducting of which might be enjoined under the Arkansas Constitution. Therefore, if the games about which you have inquired involve no skill or judgment, but rather are controlled entirely by chance, they may constitute "lotteries" in violation of the Arkansas Constitution, even if they operate within the limitations stated in A.C.A. § 26-57-402. (The question of whether a particular game involves skill or judgment is a question of fact that will depend upon the nature of the game. Because I am not familiar with the games you have described, I cannot opine as to whether they involve skill or judgment.) Of course, A.C.A. § 26-57-401 et seq. are entitled to a presumption of constitutionality and have not been declared unconstitutional in this respect.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] A.C.A. § 26-57-403 states:
Automatic money payoff mechanisms not legalized.
 (a) Nothing contained in this section and §§ 26-57-306 [repealed], 26-57-401, 26-57-402, and 26-57-404—26-57-407 shall be deemed to legalize, authorize, license, or permit any machines commonly known as slot machines, roscoes, jackpots, or any machine equipped with any automatic money payoff mechanism.
A.C.A. § 26-57-403(a). I interpret this statute to refer only to machines equipped with an automatic pay-off mechanism. I base this conclusion on the fact that the statute precedes the list of machines with the phrase "machines commonly known as . . .", and the "commonly known" version of each machine listed is one that is equipped with an automatic pay-off mechanism.