The Honorable Lona Horn McCastlain Prosecuting Attorney Twenty-third Judicial District 301 N. Center, Suite 301 Lonoke, AR 72086
Dear Ms. McCastlain:
You have requested an Attorney General opinion in response to the following question:
 What is the effect of Act 1231 of 1999 on the Constitution and laws prohibiting gambling in Arkansas?
Effect on Arkansas Statutes Prohibiting Gambling
Act 1231 of 1999 amended the provisions of A.C.A. § 26-57-402 and -404, which are part of the set of statutes popularly known as the "Chuck E. Cheese law." This set of statutes was originally enacted in 1939 for the purpose of creating certain exceptions to the criminal statutes prohibiting gambling, and to provide for the regulation of those exceptions. The law in question primarily provides that "amusement devices" (as defined therein) do not fall within the criminal gambling statutes. That is, "amusement devices," as defined in the "Chuck E. Cheese law," do not violate the criminal gambling statutes. (They are, however, regulated by the state through licensing and taxation.)
Act 1231 of 1999 amended the "Chuck E. Cheese law" in two ways that are pertinent to your question. First, Act 1231 modified (slightly) the exemplary list of devices that constitute "amusement devices" by removing "console machines" and "pusher machines", and adding "countertop machines" to the list.
Second, the Act restricted the prizes that are awardable as a result of playing an "amusement device." The Act did so by removing "noncash prizes" from the list of prizes that do not violate the criminal gambling statutes. That is, generally, "noncash prizes" are no longer within the list of types of value that are excepted from the criminal laws (although other items in the list do constitute specific instances of acceptable noncash prizes). In addition, the Act lowered the allowable accumulation of prize values from $50.00 to $12.50. The Act also imposed a new requirement that all redeemable merchandise be displayed on the premises where the game is played, and that the operator keep records validating the value of the merchandise.
Act 1231 did not change the overall effect of the "Chuck E. Cheese law," but rather, changed the specifics of the application of those laws.
Effect on the Constitution
Act 1231 did not affect the Arkansas Constitution. The legislature ordinarily cannot amend the constitution by statute. (It can, however amend the constitution through the authorized process of legislative amendment under Ark. Const., Art. 19 § 22, or Ark. Const., Am. 51, § 19.) The Arkansas Constitution prohibits lotteries. See Ark. Const., Art. 19, § 14. Act 1231 did not change or attempt to change that prohibition. The Act's redefinition of the phrase "amusement device," merely continues the on-going question of whether the particular items included in the amended definition constitute "lotteries" within the meaning of the Constitution.
Under the Arkansas Supreme Court's long-standing interpretation of this constitutional prohibition against lotteries, a game or scheme constitutes a "lottery" if the following three elements are present:
(1) Consideration is paid to play or participate;
(2) Playing or participating creates the chance to win a prize; and
 (3) The game is controlled entirely by chance, and winning is not influenced by the player's skill or judgment.
See Scott v. Dunaway, 228 Ark. 943, 311 S.W.2d 305 (1958); Shuffield v.Raney, 226 Ark. 3, 287 S.W.2d 588 (1956); Burks v. Harris, 91 Ark. 205,120 S.W. 979 (1909).
The question of whether any particular game or "amusement device" possesses the above-listed elements of a "lottery" is entirely a question of fact that can only be decided by a trier of fact, such as a judge or jury. The Attorney General is not authorized to render factual determinations.
For this reason, I cannot opine as to whether any particular "amusement device," within the meaning of Act 1231 of 1999, violates the constitutional prohibition against lotteries. Such a determination can only be made on a case-by-case basis, by a person or body who is authorized to determine factual matters.
I reiterate, however, that Act 1231 did not and cannot change the Arkansas Constitution's prohibition of lotteries. The Act merely raises the factual question of whether the particular "amusement devices" referred to therein constitute lotteries.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh