The Honorable Gilbert Baker State Senator #17 Cooper Lane Conway, AR 72032
Dear Senator Baker:
You have presented the following question for my opinion:
 Does the following prize give-away contest, used as a marketing device by a local business, violate Arkansas lottery or gaming laws: Persons who come into the business are given a ticket with a number. They are not required to purchase anything or to listen to any sales pitch or marketing scheme. The number does not identify the person, and the business does not know the identity of the person holding any particular number. Each person is limited to one ticket. The winning number is randomly selected by computer. The winner will have fourteen days to present his winning ticket and claim the prize. If the prize is not claimed within that fourteen-day period, the prize will carry over and become a part of the next give-away. No person affiliated with the business or related by blood or marriage to a person affiliated with the business will be eligible to participate.
RESPONSE
It is my opinion that this prize give-away marketing device, as you havedescribed it, does not violate the Arkansas laws that prohibit gaming and lotteries.
As discussed more fully below, in order to violate either the gaming or lottery prohibition, the contest would have to involve, at the very least, some risk on the part of the participants.
The Arkansas criminal statutes that prohibit gaming and gambling do not define those terms. The Arkansas Supreme Court has done so, however. InPortis v. State, 27 Ark. 360 (1872), the court defined the term "gaming" to mean "the risking of money, between two or more persons, on a contest or chance of any kind, where one must be loser and the other gainer."Id. at 362. The court recently reaffirmed this definition in Pre-PaidSolution v. City of Little Rock, 343 Ark. 317, 34 S.W.3d 360 (2001), and clarified it to include not only the risking of money, but also of any property interest. In State v. Torres, 309 Ark. 422, 831 S.W.2d 903
(1992), the court extended the Portis definition to apply to "gambling," stating that the Portis court's articulated definition of "gaming" "comports with the common understanding of the term `gambling.'" Id. at 426.
The prize give-away contest that you have described does not appear to fall within the court's definition and understanding of gaming or gambling. As you have described it, the contest apparently involves no risk of any money or other property interest on the part of the participants. Moreover, the contest does appear to fall squarely within a type of marketing device that the Arkansas General Assembly has specifically authorized. The provisions of A.C.A. § 4-70-102 state:
 The method of business advertising conducted in this state by the giving away of prizes consisting of money or other thing of value where no payment of money or other thing of value is required of participants in the awards, whether the advertising plan is entitled "Bank Night," "Buck Night," or any other name whatsoever is declared to be a legal form of advertising.
A.C.A. § 4-70-102.
The contest, as you have described it, also does not appear to constitute a prohibited "lottery," within the meaning of that term as recognized under Arkansas law.
The Arkansas Constitution prohibits lotteries. See Ark. Const., Art. 19, § 14. Under the Arkansas Supreme Court's long-standing interpretation of this constitutional prohibition against lotteries, a game or scheme constitutes a "lottery" if the following three elements are present:
(1) Consideration is paid to play or participate;
(2) Playing or participating creates the chance to win a prize; and
 (3) The game is controlled entirely by chance, and winning is not influenced by the player's skill or judgment.
See Scott v. Dunaway, 228 Ark. 943, 311 S.W.2d 305 (1958); Shuffield v.Raney, 226 Ark. 3, 287 S.W.2d 588 (1956); Burks v. Harris, 91 Ark. 205,120 S.W. 979 (1909).
As you have described the prize give-away contest in question, it does not require participants to pay or give any form of consideration in order to participate in the contest. Accordingly, it is not characterized by all of the features that must exist in order for a contest to constitute a lottery.
I must emphasize that the conclusions I have stated herein are based entirely upon your description of the prize give-away contest. Be aware that even a small change in the facts about this contest could warrant a different conclusion.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General