The Honorable Tommy Dickinson State Representative 711 Hodges Street Newport, AR 72112-2709
Dear Representative Dickinson:
I am writing in response to your request for an opinion concerning the legality of a fund raising program for American Legion Baseball. You have forwarded a letter from Joe David Smith, Chairperson for the Newport area American Legion Baseball Commission, in which he explains a proposal to sell 200 tickets at $100.00 each. According to Mr. Smith's letter, a portion of the funds raised, specifically $7,500.00, would be awarded to lucky ticket holders at a special drawing.
RESPONSE
It is my opinion that the proposed fundraising program is unlawful.
It seems clear that the above described fundraising scheme is either a lottery or a raffle, terms that are sometimes used synonymously. See Op. Att'y Gen. No. 95-393. A "lottery" is a species of gaming which may be defined as a scheme for the distribution of prizes by chance among persons who have paid, or agreed to pay, a valuable consideration for the chance to obtain a prize. See Scott v. Dunaway, 228 Ark. 943,311 S.W.2d 305 (1958). A "raffle" is a form of lottery in which each participant buys a ticket for an article put up as a prize with the winner being determined by random drawing. See BLACKS LAW DICTIONARY, 6th edition (1991). Lotteries are prohibited by Arkansas Constitution, Article 19, § 14 and by A.C.A. §§ 5-66-118 and 5-66-119 (Repl. 1997). The scheme you describe includes all the elements of a lottery. This type of fundraising program is therefore clearly prohibited by Arkansas law, irrespective of whether it constitutes a "lottery" or a "raffle."
I must note additionally that even if some or all of the proceeds from a raffle or lottery go to a worthwhile cause or to a charitable or civic organization, such lottery operations are still prohibited. See Opinion Att'y Gen. 95-393 (copy enclosed) and State v. Bass, 224 Ark. 976,277 S.W.2d 479 (1955).
Of course, the prosecuting attorneys of the various districts have the authority to review the facts of particular cases and, in their discretion, determine whether legal action is warranted under art. 19, § 14. These officials also have the discretion to determine if criminal charges are warranted under the gambling statutes found in the Arkansas Criminal Code. See A.C.A. §§ 5-66-101 through -119 (Repl. 1997). Consultation with the local prosecuting attorney may therefore be advisable in this regard.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
Enclosure