The Honorable Ed Wilkinson State Senator Post Office Box 610 Greenwood, Arkansas 62936-0610
Dear Senator Wilkinson:
I am writing in response to your request for my opinion on the legality of a poker and horseshoe tournament hosted by a restaurant in your area. As background for your request you state:
 This issue surrounds a local restaurant that hosts a Poker Tournament and Horseshoe Tournament. Each person who enters the tournament pays a $50.00 entrance fee and receives an all you can eat meal. The top 5, and possibly 10, winners receive prizes. The money raised goes to benefit certain organizations.
Your question is as follows:
 Under Arkansas law, is this type of tournament activity legal?
RESPONSE
The portion of the Arkansas Code that prohibits gambling specifically prohibits betting on card games, games of skill and games of hazard.[1] However, a *Page 2 
distinction is generally drawn between betting, on one hand, and paying an entry fee to participate in a contest where prizes will be awarded, on the other. Such a contest typically constitutes gambling only if the entry fees essentially constitute the prize and the winning contestant will win more than his or her contribution and the losing contestants will lose their contributions. Whether any particular contest actually constitutes gambling requires a thorough assessment of the facts and circumstances involved. This office is not equipped to serve as a finder of fact. Moreover, enforcement of the laws against gambling falls under the authority of the local prosecuting attorney. Anyone with questions regarding the enforcement of criminal laws would be well-advised to contact their local prosecutor's office. Op. Att'y Gen. 2004-357.
Title 5, Subchapter 6, Chapter 66 of the Arkansas Code contains the statutes that prohibit gambling in the State of Arkansas. The first statute in the Chapter, A.C.A. § 5-66-101, requires judges in this state to construe the gambling statutes liberally, stating:
 (a) In their construction of the statutes prohibiting gaming, the judges of the several courts in this state shall construe the statutes liberally with a view of preventing persons from evading the penalty of the law by changing of the name or the invention of new names or devices that now are, or may hereafter be, brought into practice, in any and in all kinds of gaming, and all general terms of descriptions shall be so construed as to have effect, and include all such games and devices as are not specially named.
 (b) In all cases in which construction is necessary, the construction shall be in favor of the prohibition and against the offender.
With this consideration in mind, I will turn to a review of the statutes that might prohibit the conduct that you describe.[2]
A.C.A. § 5-66-103 defines the offense of "keeping a gambling house" and states, in relevant part: *Page 3 
 A person commits the offense of keeping a gambling house if the person:
 Keeps, conducts, or operates, or . . . is interested directly or indirectly in keeping, conducting, or operating any gambling house or place where gambling is carried on.
A.C.A. § 5-66-112 prohibits betting on card games and states:
 If a person bets any money or any valuable thing on any game of brag, bluff, poker, seven-up . . . or any other game of cards . . . upon conviction he or she is guilty of a violation and shall be fined in any sum not less than ten dollars ($10.00) nor more than twenty-five dollars ($25.00).
A.C.A. § 5-66-113 prohibits betting on games of skill or hazard and states:
 If a person bets any money or any valuable thing on any game of hazard or skill, upon conviction he or she is guilty of a violation and shall be fined in any sum not less than ten dollars ($10.00) nor more than twenty-five dollars.
The Arkansas Supreme Court has defined "gambling" or "gaming" to mean "the risking of money between two or more persons, on a contest or chance of any kind, where one must be loser and the other gainer." State v. Torres,309 Ark. 422, 426 831 S.W.2d 903, 906 (1992) citing Portis v.State, 27 Ark. 360 (1872). The phrase "the risking of money" tells us that the key component of gambling is betting. See id;see also, Ansley v. State, 36 Ark. 67, 86 (1880) ("Parties may play at a game which is not in itself unlawful, without gaming . . . If money is staked it is gaming."). Of course betting, i.e., risking or staking money, is the conduct that is directly prohibited by the previously cited statutes A.C.A. § 5-66-112 and-113.
Although there appears to be no Arkansas authority directly on point, the general rule is that a distinction may be drawn between actually betting, on one hand, and paying an entry fee to enter a contest where a prize will be awarded, on the other. Whether this distinction is appropriate depends upon the facts and circumstances of the particular contest at issue. See
38 C.J.S. Gaming 51 (updated July 2009). Specifically, unless the relevant statutes prohibit contests for prizes, the offer of a prize is not usually illegal under general gambling statutes, as long as the contest *Page 4 
is not a cover for betting and the prize is provided in good faith by the entity or entities conducting the contest. Id. Moreover, a contest does not constitute betting simply because an entrance fee must be paid, so long as the prize does not consist of the collected entrance fees. Id. If, however, each contestant contributes money or something else of value for the chance to win the contributions, but in doing so risks losing his own contribution, then the contributions create a stake and the contest involves betting. Id.
As you can see, a determination of whether any particular contest involves betting in violation of Arkansas law depends on the circumstances involved and is, therefore, a question of fact. This office is not equipped to serve as a finder of fact.
Even if I were able to make factual determinations, which I am not, your request did not provide sufficient details for me to make an assessment. You have stated that the patrons of the establishment in question pay a $50 dollar fee to have a meal and to participate in a poker and/or horseshoe "tournament." You have further stated that the winners receive prizes; however, you did not specify what these prizes are or identify their source and how they are funded. You further stated that the "money raised" benefits "certain organizations." However, you did not specify what portion of the entry fees go towards these organizations, or identify the organizations in question. No further details were given. It is likely that a finder of fact would consider all of these facts in order to make a determination of whether the conduct in question constitutes gambling or whether this is simply a contest involving an entry fee and the award of prizes.[3]
Assistant Attorney General Jennie Clingan prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN MCDANIEL Attorney General
[1] In addition, the Arkansas Constitution at Art. 19, § 14 generally prohibits lotteries, other than official State lotteries enacted by the General Assembly. However, the facts you have given state that the games involved in the current scenario are poker and horseshoes. Because both of these games involve some element of skill, they are not games "controlled entirely by chance [where] winning is not influenced by the skill or judgment of those playing or participating." Op. Att'y Gen. 2004-357 citing Op. Att'y Gen. 2002-240 citing Scott v. Dunaway,228 Ark. 943, 311 S.W.2d 305 (1958). For this reason, it is likely that the "tournament" you describe would not be considered a lottery and that the constitutional prohibition would, therefore, be inapplicable. See id.
[2] Other statutes may be relevant to this situation as well; however, your question was posed very generally and I will, therefore, focus on those statutes that may be most directly applicable.
[3] Again, I assume the general lottery prohibition is inapplicable as the activities that you describe appear to involve games that depend, at least in part, upon the skill and/or judgment of the participants. See n. 1, supra.